UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>350 W.A., LLC, *et al.*,<br><br>    Defendant. | Civil No. 05-CV-1548-L(LSP)<br><br>**ORDER DENYING APPLICATION FOR AN ORDER STAYING ACTION [doc. #51]** |

Defendant 350 W.A., LLC (hereinafter "350") requests an order staying the action. The ex parte application has been fully briefed. For the reasons set forth below, the Court enters the following decision.

**Factual Background**

Defendant 350's principal, David Blackburn ("Blackburn"), purchased a building at 350 West Ash Street in San Diego.[1] Jacqueline Helleis was leasing space in the building for her business, Flagship Research. During escrow, the building sustained significant damage due to multiple flooding incidents. Nevertheless, Blackburn completed the purchase and immediately thereafter transferred the property to 350. Due to environmental and fire safety concerns, among

---

[1] The summary of events leading to the underlying action, its procedural history, and summary of appellate arguments are taken from the Appellant's opening brief in the underlying action. *Jacqueline Helleis v. 350 W.A. LLC and David Blackburn*, case no. D047058, California Court of Appeal, Fourth Appellate District, Division One. (Plaintiff's exhibit A)

other problems with the building, on May 15, 2003, Blackburn advised the building tenants he was terminating their leases.  On June 12, 2003, Jacqueline Helleis filed a complaint against 350 and David Blackburn in the San Diego Superior Court ("underlying action").  Ultimately the case included causes of action for breach of contract, breach of the covenant of good faith and fair dealing, breach of the covenant of quiet enjoyment, constructive eviction, nuisance, and declaratory relief.

The *Helleis* bench trial concluded on June 27, 2005.   The court dismissed the causes of action for nuisance and declaratory relief.  Blackburn was exonerated on all claims, but Helleis was successful in the remaining causes of action against 350.  The trial court awarded Helleis damages in the amount of $504,823.44.  On July 8, 2005, 350 tendered a claim for defense and indemnity to Century Surety Company ("Century").  (Complaint at 8)  Four days later, the state court entered the judgment against 350.  On July 27, 2005, Century sent 350 notice it would defend the company in post-judgment and appellate proceedings under a reservation of rights. (Complaint at 8)

Century, Plaintiff here, subsequently filed the above-captioned case in this Court on August 3, 2005, for declaratory judgment and reimbursement of attorney's fees and costs. Plaintiff seeks a declaration of its rights and duties under the policy it issued to Defendant 350, and contends it has no obligation to defend or indemnify.  (Complaint at 8)  Defendant 350 filed an answer on October 3, 2005.  (Answer, doc. #8)  350 and Blackburn filed a counterclaim for declaratory relief, breach of written contract, and breach of the implied covenant of good faith and fair dealing on October 3, 2005.  (Counterclaim, doc. #9)

350 filed an appeal in the underlying action in April 2006.   In the appeal, 350 claims the trial court erred in both its interpretation and application of the lease provisions, and its finding that 350 breached the lease.  350 also contends the damage award was improperly calculated and was not based on substantial evidence.

In the instant declaratory action, Plaintiff Century has three motions pending, including a motion for summary judgment, a motion to amend the complaint, and a motion for entry of judgment.  All three motions have been fully briefed.

Defendant 350 requests an order staying the action to await the final outcome of the state-court appeal.[2]  The appeal is scheduled for oral argument on May 17, 2007.  (Decl. of Yarling at 2)  Defendant 350 contends that a stay of the federal declaratory action is appropriate because the outcome of the state appeal "stands to drastically affect the scope of the issues" and Plaintiff's coverage defenses.  (App. at 2)  The Court disagrees.

### Legal Standard

A federal court has broad discretion to stay or dismiss declaratory judgment actions filed pursuant to 28 U.S.C. § 2201(a)  when a state court proceeding "presenting the same issues, not governed by federal law, between the same parties," is pending.  *Brillhart v. Excess Ins. Co. Of America,* 316 U.S. 491, 495 (1942).  If the action involves solely state law issues, proceeding with the declaratory action "might be indulging in gratuitous interference." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 283 (1995).

In determining whether to exercise its discretion to stay or dismiss the action, the *Brillhart* factors remain the philosophic touchstone for the district court.  *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998).  "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Id.* (internal citations omitted).  "Practicality and wise judicial administration" are appropriate considerations. *Wilton,* 515 U.S. at 288.

In the insurance context, when an insurer brings a declaratory relief action in the district court to determine its obligation to defend or indemnify its insured, while a state court action to resolve the same issue of coverage between the same parties is pending, a stay or dismissal of the declaratory relief action is proper.  *Wilton v. Seven Falls Co.,* 515 U.S. at 283; *Aetna Casualty & Surety Co. V. Merritt,* 974 F.2d 1196, 1199 (9th Cir. 1992).  The fact that the issues are not identical or one party in the federal action is not a party in the state action does not, however, preclude the court from issuing a stay.  *Polido v. State Farm Mutual Auto Ins. Co.,* 110 F.3d

---

[2] Jacqueline Helleis, individually and dba Flagship Research are also defendants in the instant action, but have taken no position in this ex parte application.

1418, 1423 (9th Cir. 1997) (overruled on other grounds in *Dizol,* 133 F.3d 1220). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol,* 133 F.3d at 1225.

## Discussion

In this declaratory action, Plaintiff seeks a determination of its obligation to defend and indemnify Defendants. In *American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994), the Ninth Circuit declared, "there is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court." Plaintiff is not a party to the underlying state court action, *Jacqueline Helleis v. 350 W.A. LLC and David Blackburn,* nor does that action address the issue of coverage. Therefore, this Court may deny the stay without "indulging in gratuitous interference." *Wilton*, 515 U.S. at 283.

Moreover, a stay is not necessary to avoid "needless determination of state law issues" in the instant case. Accordingly, the first *Brillhart* factor weighs in favor of denying the stay. The coverage issue in the instant declaratory action "bears only a remote resemblance" to the underlying action in state court. *See State Farm Fire & Casualty Co. v. Thomas,* 756 F. Supp. 440, 442 (D. Cal. 1991). Plaintiff's claim that it is not obligated to defend and indemnify Defendant 350 is based on the terms and conditions of the policy and exclusionary provisions therein. These coverage issues are independent of the liability issues in the pending state action. *See American Casualty Co. v. Krieger,* 181 F.3d 1113, 1119 (9th Cir. 1999); *Charter Oak Fire Ins. Co. v. American Home Assurance Co., et al.,* No. C-06-2779, 2006 U.S. Dist. LEXIS 81422, 14-16 (N.D. Cal. 2006). Despite Defendant 350's argument otherwise, the results of the pending state appeal are unnecessary to make a coverage determination in the instant case, which will primarily be resolved by contract interpretation. *See State Farm,* 756 F. Supp. at 442. The coverage issue and whether Plaintiff is entitled to recover expenses for prosecution of the appeal will remain a necessary determination irrelevant to the outcome of the state appeal.

Defendant 350 contends that Plaintiff's coverage defense argument that Defendant breached the notice and cooperation provisions of the policy depends on the outcome of the

underlying action. (App. at 7)  Defendant first asserts that if the judgment in *Helleis* is reversed on appeal, Plaintiff's arguments underlying its requisite claim of substantial prejudice will "disappear."  (App. at 7-8)  However, a change in the final outcome does not undo what has or has not occurred prior to that determination.  Plaintiff's arguments regarding substantial prejudice from Defendant 350's delayed tender of the state action are based on facts that have already occurred.  For instance, Plaintiff contends the late tender prevented an independent investigation of the underlying evidence because Defendant 350 reconstructed the building prior to giving notice of the liability claim.  (MSJ at 18-19)   The bases for Plaintiff's arguments will not disappear, even if the state appellate court reverses.  Defendant 350 incorrectly concludes that if the final outcome of the appeal is a reversal, it will be impossible for Plaintiff to argue it could have obtained a better outcome.  (App. at 7)

Defendant 350 also contends that Plaintiff's defense based on the policy exclusion for liability arising out of breach of contract is dependent on the outcome of the underlying action. (App. at 9)  Again, coverage and liability issues are separate, and an interpretation of the contract provisions does not depend on the state court's determinations as to liability.

Defendant further contends that Plaintiff's motion for entry of judgment based on the agreement to procure an appeal bond depends on the outcome of the underlying action.  (App. at 8)  However, this Court's necessary determination of whether that agreement was breached, and therefore the stipulated agreement to enter judgment should be enforced, or whether as Defendant claims, performance is impossible, does not depend on any facts the state court will be determining in the appeal.  The fact that the bond *may* be released if Defendant's appeal in the underlying action is successful does not convince the Court that a stay in the instant action would comport with the fair administration of justice.

The second *Brillhart* factor, the desire to discourage forum shopping via federal declaratory actions, does not weigh in favor of either denying or ordering a stay in the instant action.  There is no evidence or accusation of forum shopping.  *See  Charter Oak Fire Ins. Co.* at 16 (citing *Huth v. Hartford Ins. Co. of the Midwest,* 298 F.3d 800, 804 (9th Cir. 2002)).

The third *Brillhart* factor, the desire to avoid duplicative litigation, weighs in favor of

denying the request to stay the action. As previously discussed, the underlying state court action does not involve the same parties or the same issues. In the appeal of the underlying action, 350 is challenging the state trial court's determinations regarding provisions of the lease agreement and the calculation of damages. In this action, the Court's primary task will be to interpret the insurance contract provisions under which Plaintiff contends it is not obligated to defend and indemnify Defendant in the underlying action. Proceeding in the instant action will not result in duplicative litigation.

Defendant additionally contends "considerations of fairness, judicial efficiency, [and] practicality" support staying the action. (App. at 7) These are appropriate considerations. *Wilton,* 515 U.S. at 288*; Kearns,* 15 F.3d at 144. However, the parties have been litigating the instant action in this Court since August 3, 2005. It would hardly be fair, efficient, or practical to stay the action without compelling reasons after nearly two years of litigation with three motions pending and fully briefed. Due to the fact that none of the *Brillhart* factors favor a stay, the Court finds no compelling reasons to grant defendant's requested relief.

## Conclusion

Based on the foregoing, **IT IS ORDERED** denying Defendant 350's application for an order staying the action. [doc. #51]

**IT IS SO ORDERED.**

DATED: May 30, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28