UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | ) | Civil No. 05-CV-1548-L(LSP) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR LEAVE TO AMEND THE CASE MANAGEMENT ORDER and TO AMEND THE COMPLAINT [doc. #20]** |
| v. | ) ) | |
| 350 W.A., LLC, *et al*., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| AND RELATED COUNTERCLAIMS. | ) ) | |
| _____ | ) | |

Plaintiff filed this action on August 3, 2005. After defendants filed their answer and counterclaim, the magistrate judge conducted an Early Neutral Evaluation ("ENE") conference and a subsequent Case Management Conference (CMC"). A June 23, 2006 date was set as the deadline for filing "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings." (Scheduling Order at 1 [doc. #16]) On November 1, 2006, the parties filed a joint motion to modify the case management order which was granted. (Doc. No. 19) The modification to the case management order did not, however, seek to alter the date for filing amended pleadings. Plaintiff now seeks to amend the case management order to permit it to amend the complaint with a claim for rescission and a request for relief in the form of a declaratory judgment of rescission of the Policy. Defendants oppose amendment of the

complaint.

### 1. Motion to amend the case management order

As noted above, Magistrate Judge Leo S. Papas issued a Rule 16 Scheduling Order that provided: "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed and heard on or before June 23, 2006." (Scheduling Order at 1 [doc. #16])  When a party seeks to amend a complaint after the deadline set forth in a case management order, plaintiff must first make a showing of good cause under Rule 16(b) before the Court analyzes a motion to amend the complaint under Rule 15. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle.").  "'If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (*quoting Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)) (alterations in original).

Rule 16(b) provides in pertinent part:

> [The district court] . . . shall . . . after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, . . . enter a scheduling order that limits the time
> (1) to join other parties and to amend the pleadings;
> (2) to file motions; and
> (3) to complete discovery.
>
> . . . A schedule *shall not be modified except upon a showing of good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

FED. R. CIV. P. 16(b) (emphasis added).  Unlike Rule 15(a)'s analysis that focuses on the requesting party's bad faith and prejudice to the opposing party, Rule 16(b)'s "good cause" inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *Coleman*, 232 F.3d at 1294.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of

the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. The Court may allow a post-deadline amendment if the deadline could not reasonably have been met despite the diligence of the moving party. *Id.*

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Jackson*, 186 F.R.D. at 608. Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Here, Century contends that it "was not aware of the merits of a rescission claim until after it had reviewed and analyzed the documents from the underlying case." (Motion Ps&As at 4 [doc. #20]) Century notes that it was not able to begin the review until after defendant's counsel made the trial documents available for review, which was after the deadline for amending the complaint. *Id.* Upon review of the trial documents, Century asserts that it first learned that defendants had misrepresented in its application for insurance that it did not intend to structurally renovate the building at issue. Defendants do not contend otherwise.

Having reviewed Century's reasons for seeking leave to amend the case management order and all the factors for consideration under Federal Rules of Civil Procedure 16(b) and 15(a), the Court finds good cause for permitting amendment to the case management order.

**2.     Motion for leave to amend the complaint**

Notwithstanding the Court's decision to permit amending the case management order, the Court must make a second determination, *i.e.,* whether to permit amendment of the complaint to state a claim for rescission.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the Court and such leave "shall

be freely given when justice so requires." FED. R. CIV. P. 15(a).  Similarly, leave to amend an Answer or Counterclaim is freely given when justice requires.  Granting leave to amend rests in the sound discretion of the trial court. *International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

Four factors Courts use to determine the propriety of a motion for leave to amend are:  (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991).  These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend.  *DCD Programs,* 833 F.2d at 186; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The single most important factor is whether the nonmoving party would be prejudiced as a result of amendment.  *DCD Programs,* 833 F.2d at 186.

Defendants contend that rescission of the insurance policy is untimely under California Insurance Code § 650 and therefore, amendment of the complaint to state a claim for rescission would be futile.  Section 650 provides:

> Whenever a right to rescind a contract of insurance is given to the insurer by any provision of this part such right may be exercised at any time previous to the commencement of an action on the contract.  The rescission shall apply to all insureds under the contract, including additional insureds, unless the contract provides otherwise.

CAL. INS. CODE § 650.  Defendants also rely upon *Resure, Inc. v. Superior Court*, 42 Cal. App. 4th 156, 161 (1996) for the proposition that an insurer must exercise the right to rescind before an action on the contract is filed and may not seek to rescind the policy thereafter.  As plaintiff correctly notes, however, defendants have misread *Resure* and its guidance on section 650

On its face, section 650 requires that in order for an insurance company to rescind a policy of insurance, the rescission must be made prior to the insured's commencement of litigation.  When read this way, if the insurer discovers that the insured made material misrepresentations or omissions on the application for coverage after issuance of a policy and after the insured commence an action on the contract, the insurer may not seek rescission.   In other words, once an insured has initiated litigation, rescission is no longer an available remedy

for the insurer even if rescission would be warranted under the facts.

In *Resure,* the California Court of Appeals found the language of section 650 to be ambiguous. 42 Cal. App. 4th at 156 . The *Resure* court held that although the statute precludes a unilateral rescission when "an action on the contract" is commenced, it does not deprive a party entitled to rescind from defending an action on the contract by raising the grounds for rescission as an affirmative defense or by way of a cross-complaint. *Id.* at 163.

In *Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*, the court reiterated the holding in *Resure*, *i.e.*, although an insurer was barred from unilaterally rescinding policies once an insured had filed suit, the insured could raise rescission as an affirmative defense or cross-claim. 416 F. Supp. 802, 805 (D.C. Cal. 2006). But Amtel, relying on *Resure*, argued that the insurer could not raise rescission as a counterclaim. *Id.* at 807. The court found that "*Resure* does not hold than an insurance company may not counterclaim for rescission" and accordingly denied Amtel's motion to strike defendant's counterclaim for rescission. *Id.* at 807-08.

In the present case, the insureds were not the first to the courthouse in bringing an action on the contract. Based on *Resure* and *Amtel*, if the insureds had brought an action against the insurer, as is the typical case, the insurer would have been permitted to raise rescission as an affirmative defense or as a counterclaim. Because in this case the insurer filed the action first, it may bring a claim for rescission against the insured. The Court makes no finding as to whether plaintiff has satisfied the requirement for rescission of the policy but does find that plaintiff is permitted to amend the complaint to include a cause of action for rescission.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Conclusion**

Accordingly, Century's motion for leave to amend the Case Management Order and to amend the Complaint [doc. #20] is **GRANTED**.  Century shall file an amended complaint within ten (10) days of the filing of this Order.  The pending application for temporary protective order, right to attach order, and writ of attachment [doc. #60] and motions for summary judgment [doc. #21, 33] are not affected by this Order except insofar as the motions for summary judgment shall be construed as motions for partial summary judgment.

**IT IS SO ORDERED.**

DATED: September 5, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL