UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>　　　　　Plaintiff,<br>v.<br>350 W.A., LLC, et al.,<br>　　　　　Defendants. | Civil No.05CV1548-L(LSP)<br><br>**ORDER RE: ORDERS TO SHOW CAUSE & IMPOSING SANCTIONS AS TO MICHAEL W. VIVOLI, ESQ. (DOC. 143 & 151)** |

On December 10, 2008, the Court issued an Order to Show Cause directing defense counsel Michael W. Vivoli, Esq. to explain why sanctions should not be imposed pursuant to CivLR 83.1 and the Court's inherent power. Responsive briefing and a supporting declaration was received from Mr. Vivoli. The matter first came for hearing on January 10, 2008. Karen White, Esq. appeared on behalf of Plaintiff Century Surety Company, however, Mr. Vivoli failed to appear. The Court, therefore, continued the hearing and issued a second Order to Show Cause directing Mr. Vivoli to explain why sanctions should not be imposed for his failure to appear at the hearing. Declarations were filed by Mr. Vivoli and Ms. White in connection with the second Order to Show Cause. The hearing on both matters took place on January 17, 2008. Mr. Vivoli and Ms. White made personal appearances. The Court has reviewed the aforementioned briefs and supporting declarations, and considered the oral arguments presented during the hearing. For good cause appearing and the reasons set forth below, the Court imposes sanctions as to Mr. Vivoli for the conduct that is the basis of the first Order to Show Cause.

/ /

1

## I. ORDER TO SHOW CAUSE RE: CONFIDENTIAL SETTLEMENT CONFERENCE COMMUNICATIONS

On October 31, 2007, Mr. Vivoli, on behalf of his clients, filed a motion to approve the posting of a *supersedeas* bond. (Doc. 123)  The motion was heard and granted by the Hon. M. James Lorenz. (Doc. 134).  District Judge Lorenz subsequently referred an ancillary matter to this Court for report and recommendation.  At about this time, the Court observed that Mr. Vivoli had made statements in connection with the motion before District Judge Lorenz that describe communications made during a Settlement Conference before this Court.  The Court then issued the first Order to Show Cause.

The first Order to Show Cause was premised on statements made by Mr. Vivoli that specifically set forth communications made during a Settlement Conference before this Court.[1]  Communications, positions and arguments presented during a Settlement Conference are strictly confidential and privileged.  See CivLR 16.1.c.1.b, and CivLR 16.3.h.  Mr. Vivoli does not dispute that his statements are a clear violation of the Court's rules.  His reasoning as to why sanctions should not be imposed is circumspect, given the importance of preserving the integrity of the Court and the Settlement Conference process.  Furthermore, the fact that Century Surety never took exception to Mr. Vivoli's statements more directly relates to the issue as to what redress is appropriate, not whether Mr. Vivoli's conduct is sanctionable.

Confidentiality is the essential fabric of the Settlement Conference, the glue that binds the process and allows the remarkable procedure to work effectively.  Parties have to trust and believe they can openly discuss whatever is necessary in order to acheive their underlying interests, which in turn leads to a consensual and meaningful result.  Mr. Vivoli's disclosure of information exchanged in the confidentiality of a Settlement Conference undermines the trust jurists of this Court have earned in the legal community and diminishes the integrity and effectiveness of the Settlement Conference process. The breach is an affront to the Court's rules governing Settlement Conferences and, as such, must addressed and remedied, to the extent it can.

---

[1] The statements, which are contained in Defendants' Memorandum of Points and Authorities in Support of Motion to Approve Supersedeas Bond (Doc. 123-2) at page 3, line 24 to page 4, line 2 and Mr. Vivoli's Declaration in Support Thereof (Doc. 123-3) at page 2, lines 15-20, are not repeated here due to the confidential nature of their content.

The Court's approach to redress this violation is two-fold.  First, Mr. Vivoli is ordered to seek, by way of application or motion, an order from District Judge Lorenz sealing the portions of Mr. Vivoli's filings that are the subject of the first Order to Show Cause.  These efforts shall be initiated no later than January 25, 2008.

Second, Mr. Vivoli is directed to pay the sum of $500.00 to the Clerk of the Court in compensation for time spent by the Court and its staff in responding to and addressing Mr. Vivoli's conduct.  This sum shall be deposited with the Clerk of the Court no later than no later than January 25, 2008.

## II.   ORDER TO SHOW CAUSE RE: FAILURE TO ATTEND HEARING

Mr. Vivoli again ran afoul of the Court's orders when he failed to appear for the first Order to Show Cause hearing.  Ms. White, who did appear, seeks sanctions be awarded to her client in the amount of $1,319.86 for fees and costs incurred in connection with her appearance.  However, her appearance was neither required nor needed at the hearing because Century Surety never complained of Mr. Vivoli's breach.  Although it is unfortunate she incurred time and costs traveling to San Diego for a hearing that did not take place, this is not a basis to require Mr. Vivoli to compensate her client for that expense.

Mr. Vivoli states his failure to appear was due to a scheduling error.  While the Court, as a rule, is not unsympathetic to circumstances caused by human error, it cannot help be troubled by what appears to be a pattern in Mr. Vivoli's actions with regard to Court rules and orders.  However, the Court accepts Mr. Vivoli's representations and declines to impose sanctions at this time.  Mr. Vivoli is cautioned, however, that any future instances of such behavior will not be treated as lightly.

DATED:  January 18, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge