1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12  CENTURY SURETY COMPANY,                )   Civil No.  05CV1548-L(LSP)
                                           )
13              Plaintiff,                 )   **REPORT AND RECOMMENDATION**
    v.                                     )   **RE: DEFENDANTS'** *EX PARTE*
14                                         )   **APPLICATION TO VACATE**
    350 W.A., LLC., *et al.*,              )   **IMPROPER ATTACHMENT (Doc. 105)**
15                                         )   **AND PLAINTIFF'S MOTION FOR**
                Defendants.                )   **ORDER DETERMINING CLAIM OF**
16  _____ )   **EXEMPTION (Doc. 119)**

17          The parties have filed cross-motions related to claims of exemption made by Defendant David

18  Blackburn ("Blackburn") in response to writs of attachment that were levied by Plaintiff Century Surety

19  Company ("Century Surety") upon the interests of Blackburn and co-defendant B& H Property Systems

20  ("B&H").  On November 15, 2007, Blackburn's *ex parte* application to vacate improper attachment

21  (filed 10/16/07, Doc. 105) and Century Surety's motion for order determining claim of exemption (filed

22  10/26/07, Doc. 119), were referred to this Court for Report & Recommendation.  Although oral

23  argument on the motions was requested by Century Surety, counsel for Blackburn has represented his

24  client is willing to submit the motions for decision without further argument.   Pursuant to CivLR

25  7.1.d.1., the Court finds this matter is appropriate for disposition on the written briefs and without

26  further argument.  As set forth below, the Court recommends Century Surety's motion be GRANTED

27  and Defendants' *ex parte* application be DENIED.

28  //

1

### BACKGROUND & PROCEDURAL HISTORY

On September 25, 2007, the Hon. M. James Lorenz granted Century's motion for entry of stipulated judgment, and ordered the Clerk of the Court to enter the stipulated judgment in favor of Century Surety and against Defendants 350 W.A., LLC, Blackburn, B&H, 350 West Ash Urban Homes, Inc., and the David A. Blackburn Family Trust (collectively referred to hereafter as "Defendants") in the amount of $1,201,088.16.   The Court also granted Century Surety's motion for partial summary judgment at the same time.[1]  Century Surety was permitted to execute on the judgment as provided under the law and thereafter levied the writs of attachment upon the interests of Blackburn and B&H.

In response to the enforcement procedings, Blackburn made claims of exemption for various accounts and property and filed the *ex parte* application claiming certain accounts had been improperly attached.  Century Surety responded by way of its motion seeking determination of the exemption claims pursuant to Code Civ. P. § 703.510 et seq.  The motions, as well as a motion filed by Defendants seeking approval for the posting of a *supersedeas* bond, came for hearing before District Judge Lorenz on November 13, 2007.  An order approving the *supersedeas* bond was issued, the enforcement proceedings were temporarily stayed, and the administration of the bond and the motions relating to the claims of exemption were referred to this Court for Report and Recommendation.  (Doc. 134 and 137). A series of status conferences were held by this Court during the month of December regarding the administration of the bond and the motions.  (Doc. 139, 144, 145 and 147).  At the conclusion of these conferences, counsel for Defendants represented the bond would not be posted and, upon the expiration of the stay, Century Surety resumed enforcement proceedings, including setting a date for Blackburn to sit for a judgment debtor examination.[2]  (Doc. 147 and 156).  Therefore, it is now appropriate for the Court to consider the pending motions.

//

//

---

[1]       The motion for summary judgment did not resolve Century Surety's cause of action for rescission, which is still pending in this court.  Defendants have filed a notice of appeal to the Ninth Circuit Court of Appeals with respect to the stipulated judgment. [doc. #121].

[2]  Although the judgment debtor examination was set for January 28, 2008, counsel for the parties recently advised the Court's chambers the examination has not yet been completed.

***DISCUSSION***

Both motions primarily address whether funds in two accounts – one with California Bank & Trust and another with Fidelity Investments – are properly subject to attachment.  Blackburn has made claims of exemption for both accounts which are disputed by Century Surety.

**I.      Legal Authorities**

First party claims of exemption may be made by a judgment debtor, a person acting on the debtor's behalf, or, in case of community property, by the spouse of the debtor.    CODE CIV. P. § 703.020(b) (1) & (2).  Possible exemptions from enforcement of judgment that can be asserted include: motor vehicles, household furnishings and personal effects, materials for repair or improvement of residence, jewelry, art or heirlooms, health aids, personal property used in trade or business, paid earnings, public or social security benefits, inmate trust account, life insurance policies, public retirement benefits, unemployment benefits, disability and health benefits, damages for personal injury or wrongful death, workers' compensation, aid to needy persons, relocation benefits, student financial aid, cemetery plot, and property not subject to enforcement of monetary judgment.    CODE CIV. P. §§ 704.010–704.210.  The exemption claimant bears the burden of proof in establishing the property is exempt.  CODE CIV. P. § 703.580(b).

**II.     California Bank & Trust Account**

The California Bank & Trust account is held in the name of David A. Blackburn dba The Van Houton Building.  The claim of exemption form for this account was filed as a first party claim on behalf of Blackburn and the David A. Blackburn Family Trust, citing CODE CIV. P. § 487.010, et seq. *Declaration of Matthew Yarling in opposition to motion for order determining claim of exemption*, Ex. D.  Blackburn contends the funds in that account belong to 151 LLC, and not Blackburn.  *Id.*  He claims the funds are "largely the proceeds of loans secured by 151, LLC, and are held for the improvement and ongoing expenses of the real property located at 151 Van Houton in El Cajon, California." *Id.*  151 LLC is described as a business entity that owns and manages the Van Houton building.  It is not a party to this action and has not been the direct subject of Century's efforts to collect on the stipulated judgment.

First party claims of exemption, such as the one filed by Blackburn, may be made only for the property of a natural person.  CODE CIV. P. § 703.020(a).  In this case, Blackburn seeks exemption for

3

property that he contends does not belong to him, but instead belongs to a limited liability company. Thus, the statutes governing first party claims of exemption are not applicable to the arguments Blackburn makes for this account.

Blackburn clearly recognizes the fatal flaw to his claim. In his briefing he shifts his basis, purporting to assert a third-party claim under CODE CIV. P. § 720.110, as the "managing member" of 151 LLC. State law provides a procedure for third parties (those other than the judgment debtor and creditor) to make claims of exemption for property that is subject to a writ of attachment. See CODE CIV. P. § 720.110 *et seq.* 151 LLC has not availed itself of this procedure and so any discussion as to whether its property is exempt is premature. Blackburn filed the claim of exemption on behalf of himself, not as a third party claim on behalf of 151 LLC. It would be inappropriate to now construe Blackburn's exemption claim as one made by 151 LLC. Claims of exemption are purely statutory and courts may not expand or increase them. See *Estate of Silverman*, 249 Cal. App. 2d 180, 183 (1967). Furthermore, there is no statutory basis for the use of third party claims proceedings by named defendants. See *Commercial and Farmers Nat'l Bank v. Hatrick*, 64 Cal. App. 3d 158, 165. Therefore, the claim of exemption for this account fails because Blackburn has not stated a viable first party claim of exemption or properly raised a third party claim on behalf of 151 LLC.

## III. Fidelity Investment Account

The Fidelity Investments account is held in the name of David A. Blackburn, Trustee of B&H Property Systems, Inc. Pension Fund. Blackburn claims this account is exempt from enforcement proceedings because it is his private retirement plan. *Declaration of Matthew Yarling in opposition to motion for order determining claim of exemption*, Ex. D.

Pursuant to CODE CIV. P. § 704.115(b), funds held or controlled by a private retirement plan are exempt. Only three types of retirement accounts may qualify for exemption: (1) a "private retirement plan"; (2) a "profit sharing plan"; and (3) "self employed retirement plans" and IRAs. CODE CIV. P. § 704.115(a)(1-3). Funds controlled by self employed retirement plans and IRAs are exempt "only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor," whereas funds in the first two types of accounts are completely exempt. CODE CIV. P. § 704.115(e).

Blackburn's claim of exemption form generally cites CODE CIV. P. § 704.115 as the basis for the claimed exemption for this account – without specifying which subsection of the statute the exemption is claimed under. *Declaration of Matthew Yarling in opposition to motion for order determining claim of exemption*, Ex. D. Blackburn further states the funds are necessary after retirement for his support, as well as the support of his spouse and dependents, suggesting his exemption claim is made under CODE CIV. P. § 704.115(a)(3) – the subsection relating to self employed retirement plans and IRAs. *Id.* The arguments made in Blackburn's *ex parte* application are similarly vague.

In his opposition to Plaintiff's motion for determination of claim of exemption Blackburn finally articulates the specific basis for his exemption claim, stating it is made under CODE CIV. P. § 704.115(a)(2), and that the account in question is claimed to be a profit sharing plan designed and used for retirement purposes. *Declaration of David A. Blackburn in opposition to motion for order determining claim of exemption*, para 2. At this point, Blackburn suggests he need only show the plan was established by B&H, a corporation, in order to establish a viable claim of exemption. citing *In re Cheng*, 943 F.2d 1114 (Bankr. C.D. Cal. 1991). Blackburn contends *Cheng* stands for the proposition that the key point of inquiry as to whether a retirement plan may be exempt under either CODE CIV. P. § 704.115(a)(1) or (2) is whether the plan is managed by a corporation. The Court disagrees with Blackburn's interpretation of this decision.

The *Cheng* case originated in the U.S. Bankruptcy Court for the Central District of California. An action was brought challenging a Chapter 7 debtor's claimed exemption in retirement plans pursuant to CODE CIV. P. § 704.115. The debtor was the sole shareholder, director and chief executive officer of the corporation that established the plans and also served as the plans' trustee. He sought to avail himself of the full exemption afforded to retirement plans that are established and managed by corporations. The bankruptcy court ruled the plans were subject to the limited exceptions afforded by CODE CIV. P. § 704.115(a)(3) – the subsection relating to self employed retirement plans and IRAs – on the basis the debtor used the plans in a manner that more similar to a self-employed retirement plan or individual retirement account than a retirement plan that was established by a corporation for the benefit of many employees. On appeal, the Ninth Circuit Court of Appeals reversed, finding the lower court's

1  consideration of the small closely held nature of the corporation deviated from the express language of

2  the statute.

3         While a plan must be established and maintained by a corporation, regardless of size, in order for

4  the funds to qualify for exemption under CCP 704.115(a)(1) or (2), it is an unreasonable stretch of the

5  *Cheng* decision to end the inquiry as to whether a plan is fully exempt upon proof the account is

6  controlled by a corporation.  In order for a profit sharing plan to qualify for exemption, it must be

7  "designed and used for retirement purposes."  See *In re Witwer*, 148 B.R. 930, 940 (C.D. Cal. 1992);

8  citing *In re Bloom*, 839 F.2d 1376, 1379 (9th Cir. 1988); see also *In re Daniel*, 771 F.2d. 1352, 1356-

9  1357 (9th Cir. 1985).  The only evidence proffered regarding the nature of the account is Blackburn's

10  declaration, a document entitled "Adoption Agreement," a redacted tax return filing from 2005, and a

11  redacted account statement from September 2007.  *Declaration of David A. Blackburn in opposition to*

12  *motion for order determining claim of exemption*, Ex. E - G.  These items do not establish the account

13  was designed and used for retirement purposes.

14         Generally in resolving disputes as to whether a plan is exempt from judgment enforcement

15  proceedings, courts consider evidence as to how the plan was managed by the judgment debtor.  See

16  *Witwer*, 148 B.R. at 940; *Bloom*, 839 F.2d at 1379, and *Daniel*, 771 F.2d. at 1356-1357.  Such evidence

17  is entirely lacking here.  Blackburn's declaration yields no useful information for the Court's inquiry.

18  He simply describes the account as a "retirement profit sharing plan," without any corroborative detail

19  as to how the plan was created or administered.  *Declaration of David A. Blackburn in opposition to*

20  *motion for order determining claim of exemption*, para 2.  Apparently, B&H established the profit

21  sharing plan in July 1, 2002 and designated Blackburn as the trustee by means of the Adoption

22  Agreement.  *Declaration of David A. Blackburn in opposition to motion for order determining claim of*

23  *exemption*, Ex. E.  Notwithstanding the fact, the Adoption Agreement contains very little to suggest the

24  plan was established for retirement related purposes, none of the evidence proffered by Blackburn

25  establishes the account was actually used for retirement purposes in the near six years it has been in

26  existence.  As the exemption claimant, Blackburn bears the burden of proof in establishing the property

27  is exempt.  CODE CIV. P. § 703.580(b).  He has failed to do so and, therefore, his claim for exemption

28  for this account fails.

**IV.     Other Alleged Improper Attachments and Procedures**

By way of the *ex parte* application, Defendants seeks judicial redress for several irregularities they contend arose during Century Surety's enforcement actions.  Century Surety levied writs of attachment only against Blackburn and B&H, at two institutions – California Bank & Trust and Fidelity Investments.  In their moving papers Defendants claim Fidelity Investments erroneously froze an account in the name of 350 W.A. LLC as a result of the levies.  The account is not identified and no corroboration is provided for this statement.  Without such basic information, the Court can not address Defendants' claim.

Defendants also contend various procedural irregularities exists with regard to the notices of attachment that were served on counsel.  Defendants allege the notices of attachment were served for Blackburn, but not for B&H.  They also contend the notice of attachment for Blackburn's account with California Bank & Trust was defective because it identifies the banking institution as the defendant.  Lastly, they argue notice was defective because they were not served with the notice of exemptions.

Interestingly, Defendants do not allege either Blackburn or B&H were prejudiced by the alleged procedural irregularities and the Court does not find any of its own accord.  The notices of attachment were served on Vivoli & Associates, counsel of record for both judgment debtors.  *Declaration of Matthew Yarling in support of ex parte application for an order vacating improper attachment*, Ex. D. Prior to receiving the notices of attachment, counsel was also served with the orders for issuance of writ of attachment as to both Blackburn and B&H.  (Doc. 69 and 70).  Moreover, counsel is clearly aware which of the accounts were attached and is knowledgeable about his clients' rights in judgment enforcement proceedings.  Thus, it is difficult to see how either judgment debtor was sufficiently prejudiced by the alleged procedural irregularities so as to warrant an order vacating these attachments.

### *CONCLUSION*

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Century Surety's motion be GRANTED and Defendants' *ex parte* application be DENIED.

**IT IS ORDERED** that no later than **April 1, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties that have appeared in the case.

//

7

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

2    served on all parties no later than <u>**April 11, 2008**</u>.

3    DATED:  March 12, 2008

4

5    _____

6    Hon. Leo S. Papas
     U.S. Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28