UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, ) | Civil No.05CV1548-L(LSP) |
| ) | |
| Plaintiff, ) | **ORDER DENYING APPLICATION** |
| v. ) | **FOR RECONSIDERATION, DOC 160** |
| ) | |
| 350 W.A., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On January 24, 2008, Michael W. Vivoli, Esq. filed a Motion for Reconsideration of the Court's Order to Show Cause and Imposing Sanctions as to Mr. Vivoli. DOC. 160. The motion is unopposed. The Court has reviewed the aforementioned brief and supporting declaration. For good cause appearing and the reasons set forth below, the Court DENIES Mr. Vivoli's Motion for Reconsideration.

**I.     BACKGROUND**

On January 18, 2008, after providing Mr. Vivoli with due notice and an opportunity to respond, the Court issued an order imposing sanctions pursuant to CivLR 83.1 and the Court's inherent power. The sanctions were imposed for statements made by Mr. Vivoli that specifically set forth confidential communications made during a Settlement Conference before this Court.[1] The order addressed whether sanctions were appropriate on two separate and independent grounds: 1) for the statements made by Mr. Vivoli; and 2) for his failure to attend an Order to Show Cause hearing that took place on January 10,

---

[1] The statements, which are contained in Defendants' Memorandum of Points and Authorities in Support of Motion to Approve Supersedeas Bond, Doc. 123-2 at page 3, line 24 to page 4, line 2 and Mr. Vivoli's Declaration in Support Thereof, Doc. 123-3 at page 2, lines 15-20, are not repeated here due to the confidential nature of their content.

1

2008, and the purpose of which was to address the first issue.  The Court reviewed briefing and supporting declarations, and considered the oral arguments which were presented during a second Order to Show Cause hearing on the January 17, 2008.  The order was issued thereafter, imposing sanctions for Mr. Vivoli's disclosure of confidential communication.  The Court's approach to redress Mr. Vivoli's conduct was two-fold.  First, Mr. Vivoli was ordered to seek, by way of application or motion, an order from the Hon. M. James Lorenz sealing the portions of Mr. Vivoli's filings that were the subject of the first Order to Show Cause.  Second, Mr. Vivoli was directed to pay the sum of $500.00 to the Clerk of the Court in compensation for time spent by the Court and its staff in responding to and addressing Mr. Vivoli's conduct with regard to that conduct.  The Court declined to impose sanctions for his failure to attend the January 10, 2008 hearing.

**II.    DISCUSSION**

Mr. Vivoli now seeks reconsideration of the imposition of sanctions.  An application for reconsideration is appropriate when 1) new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon prior application, 2) if the Court committed clear error or the initial decision was manifestly unjust, or 3) if there is an intervening change in controlling law.  CivLR 7.1.i.1; School Dist. No. 1J, Multnomah County, Or. V. AcandS, Inc. 5 F.3d 1255, 1263 (9th Cir. 1993).  Mr. Vivoli contends reconsideration is appropriate because his conduct fell within a recognized exception to the otherwise privileged nature of Settlement Conference communications.  DOC. 160-2 at page 5, lines 7-9.  Mr. Vivoli argues that he "never conceded his conduct represented a 'clear violation of [the] Court's rules.'" Id. at page 5, lines 14-15.  Further, Mr. Vivoli requests the Court to vacate the requirement that he apply to seal the portion of his filings that are the subject of the first Order to Show Cause. Id. at page 4, lines15-17.  In addition, Mr. Vivoli requests the Court to vacate the portion of the Court's Order that expressed concern with what appears to be a pattern in Mr. Vivoli's conduct with regard to the Court's rules and orders. Id.

Mr. Vivoli further argues that he should not be sanctioned for his failure to attend an OSC hearing. Id. at page 4, lines 14-15.  However, Mr. Vivoli is confused as to why the Court imposed sanctions.  Both the Order Imposing Sanctions, Doc. 155, and the background section above, describe

why sanctions were imposed.  The Court imposed sanctions for Mr. Vivoli's disclosure of confidential communication, and declined to impose sanctions for his failure to attend the January 10, 2008 hearing.

A.   **NO INTERVENING CHANGE IN CONTROLLING LAW OR NEW OR DIFFERENT EVIDENCE OR FACTS EXIST**

Mr. Vivoli argues that White v. Western Title 40 Cal.3d 870 (Cal. 1985) "seemingly creates an exception to the privilege otherwise applicable to settlement conferences." DOC. 160-2 at page 3, lines 17-18.  Though Mr. Vivoli's previous briefings in response to the first Order to Show Cause did not mention White, he informed the Court of his argument predicated on the White exception at the second Order to Show Cause hearing on January 17, 2008.  Thus, Mr. Vivoli's argument does not present any new law or different evidence or facts as a viable basis for reconsideration.  In imposing sanctions, the Court considered and rejected the White exception.  So as to eliminate the apparent confusion as to the basis for the rejection of the White argument, the Court will elaborate below.

In White, defendant claimed the admission of two negotiation settlement offers violated California Evidence Code § 1152.  White, 40 Cal.3d at 886.  The Supreme Court of California stated that "[t]he language of [California's Evidence Code § 1152] does not preclude the introduction of settlement negotiations if offered not to prove liability...but to prove failure to process the claim fairly and in good faith." Id. at 887.  The Supreme Court of California held that the admitted negotiation settlement evidence "show[ed] that defendant was not evaluating and seeking to resolve [plaintiff's] claim fairly and in good faith." Id. at 888.  While White may provide an exception to settlement communications protected by California Evidence Code § 1152, the basis for the Court's imposition of sanctions was Mr. Vivoli's violation of Local Rules 16.1.c.1.b and 16.3.h, not section 1152.

The Local Rules are clear and unequivocal as to the nature of Settlement Conference communications.  "The ENE Conference will be informal, off the record, privileged and confidential" and "[t]he settlement conference will be off the record, privileged and confidential, unless otherwise ordered by the court." CivLR 16.1.c.1.b; CivLR 16.3.h.  Further, the Court informed both parties at the beginning of each conference that all discussions connected to the early neutral evaluations and settlement discussions were confidential.  Mr. Vivoli had ample notice of the requirement of confidentiality regarding information exchanged during the Settlement Conferences, yet he specifically

set forth communications made during a Settlement Conference before this Court. The Local Rules are clear and allow no exception regarding privileged and confidential communication exchanged during Settlement Conferences. At both the hearing and in his pending motion, Mr. Vivoli argued that White was an exception to the Court's Local Rules. Mr. Vivoli's argument was unpersuasive at the hearing as it is now. Furthermore, he has not provided the Court with any new law or different evidence or facts in his Motion for Reconsideration.

**B.    NO CLEAR ERROR COMMITTED AND NOT MANIFESTLY UNJUST**

The Local Rules provide the Court with authority to sanction an attorney for failure to comply with a Local Rule or order. The Court can impose sanctions "authorized by statute or rule or within the inherent power of the court." CivLR 83.1.a. The Supreme Court explained "that it has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citing United States v. Hudson, 11 U.S. 32, 33 (1812)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers, 501 U.S. at 43 (citing Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962)). The Court acted well within its inherent power to sanction Mr. Vivoli due to his clear violation of the Local Rules.

**1.    MR. VIVOLI'S CLEAR VIOLATION OF THE COURT'S LOCAL RULES**

As stated above, the Local Rules are clear as to the nature of privileged and confidential communications exchanged during Settlement Conferences. Mr. Vivoli had ample notice as to the Local Rules, yet knowingly chose to disregarded them. Mr. Vivoli takes exception to the portion of the prior order stating he does not dispute his statements were a "clear violation of the Court's rules." DOC. 160-2 at page 1-2, lines 28-1. However, in briefing submitted in response to the Order to Show Cause Mr. Vivoli stated that he "recognizes that it was improper to make a direct reference to a communication made during the course of a judicial settlement conference, regardless of the circumstances under which the comment was later reiterated." DOC. 149 at page 5, lines 14-17. Moreover, Mr Vivoli stated that he "acknowledges that the direct reference to the prior informal discussion within the settlement conference

should not have been included in the application for supersedeas bond, and regrets that reference was included." Id. at page 6, lines 17-19. Mr. Vivoli's disclosure of information exchanged in the confidentiality of a Settlement Conference undermines the trust jurists of this Court have earned in the legal community and diminishes the integrity and effectiveness of the Settlement Conference process. Given the importance of preserving the integrity of the Court and the Settlement Conference process, the imposition of sanctions as to Mr. Vivoli was proper.

**2.    THE COURT'S CONCERN WITH MR. VIVOLI'S PATTERN OF CONDUCT**

In addition, Mr. Vivoli seeks an order vacating the portion of the Court's order that states, "[the Court] cannot help but be troubled by what appears to be a pattern in Mr. Vivoli's actions with regard to Court rules and orders." DOC. 155 at page 3, lines 17-18. This statement is not manifestly unjust. As stated above, Mr. Vivoli had ample notice of the Court's Local Rules regarding communications exchanged during a Settlement Conference. Mr. Vivoli violated the Local Rules when he specifically set forth confidential communications made during a Settlement Conference before this Court. Then, Mr. Vivoli violated another order when he failed to attend the first Order to Show Cause hearing on January 10, 2008. Although the Court declined to impose sanctions due to Mr. Vivoli's failure to attend the January 10, 2008 hearing, the Court justifiably expressed concern as to what appears to be a pattern in Mr. Vivoli's conduct with regard to Court rules and orders. The statement was accurate and was not manifestly unjust. Therefore, the Court will not rewrite its prior order to suit Mr. Vivoli's preferences.

**III.    CONCLUSION**

Mr. Vivoli's Motion for Reconsideration as to the Order Imposing Sanctions failed to present any new law, different evidence or facts, or show that the Court committed clear error or that the initial decision was manifestly unjust. Thus, the Motion for Reconsideration is DENIED. Mr. Vivoli is ordered to seek, by way of application or motion, an order from District Judge Lorenz sealing the portions of Mr. Vivoli's filings that are the subject of the first Order to Show Cause. These efforts shall be initiated <u>within ten days from the date of entry of this Order</u>.

In addition, Mr. Vivoli is directed to pay the sum of $500.00 to the Clerk of the Court in compensation for time spent by the Court and its staff in responding to and addressing Mr. Vivoli's

1 | conduct.  This sum shall be deposited with the Clerk of the Court <u>within ten days from the date of entry
2 | of this Order</u>.

4 | DATED:  April 16, 2008

Hon. Leo S. Papas
U.S. Magistrate Judge