UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>          Plaintiff,<br><br>v.<br><br>350 W.A., LLC, *et al*.,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil No. 05-CV-1548-L(LSP)<br><br>**ORDER SETTING FINAL PRETRIAL CONFERENCE and GRANTING REQUEST FOR RULE 54(b) CERTIFICATION AS TO STIPULATED JUDGMENT ONLY** |

On February 5, 2007, the magistrate judge granted the parties' joint motion to modify the Case Management Order. [doc. #46] As part of that Order, a final pretrial conference date was set for February 25, 2008. In the meantime, plaintiff filed two motions for summary judgment and a motion for entry of a stipulated judgment, which the Court granted.[1] (*See* Order filed September 25, 2007 [doc. #73].) As a result of the Court's Order, the stipulated judgment was entered. [doc. #74] The issue addressed in the motion for entry of the stipulated judgment was

---

[1] Plaintiff filed a motion for summary judgment [doc. #21] on November 20, 2007. Instead of withdrawing that motion, plaintiff filed a new motion for summary judgment [doc. #33] that contained the arguments found in its November 20, 2007 motion along with a new argument. Because the second motion for summary judgment contained all the arguments found in the first-filed motion for summary judgment, the Court denied the November 2007 motion as being superseded and therefore, mooted by the December 19, 2007 summary judgment motion.

whether the parties' Bond Agreement and associated agreements were enforceable and whether Blackburn's and 350 W.A. breached the Bond Agreement. Standing alone, the stipulated judgment did not reach the merits of any of the claims or counterclaims found in the pleadings. Instead, the Court considered the merits of the claims and counterclaims in deciding plaintiff's motion for summary adjudication.[2] As the Court recognized in its September 25, 2007 Order, plaintiff's remaining claim for rescission had not been included in plaintiff's motion for summary judgment; therefore, plaintiff's claim for rescission remained pending.

On October 25, 2007, Blackburn and 350 W.A. LLC ("350") filed a notice of appeal with respect to the stipulated judgment. The appeal was limited to the stipulated judgment and did not encompass any other portions of the case or orders entered.

Prior to the final pretrial conference, the parties were ordered to brief certain issues because of the unusual procedural situation presented by the appeal of the stipulated judgment, the grant of the motion for partial summary judgment and the pendency of the claim for rescission. The parties were to address whether the appeal of the stipulated judgment divested the Court of jurisdiction; whether the stipulated judgment required Rule 54(b) certification[3]; and whether the final Pretrial Conference on the rescission claim should be stayed during the pendency of the appeal of the stipulated judgment.

In response to the order to show cause, 350 argued that the remaining rescission claim could go forward independently of the appeal of the stipulated judgment and that Rule 54(b) certification was not needed because the appeal was not interlocutory. Nevertheless, in their response, 350 seeks certification under Rule 54(b) of the stipulated judgment. Additionally, 350 seeks Rule 54(b) certification of the Court's Order that granted Century's motion for summary adjudication contending the coverage decision should be immediately appealable along with the

---

[2] As noted above, plaintiff filed a second motion for summary judgment as to all the claims contained in its Complaint. But after the motion had been filed, plaintiff filed an amended complaint that added a new claim for rescission. The Court therefore treated the motion as one for summary adjudication.

[3] The Court pointed out that 350 did not request Rule 54(b) language with respect to the stipulated judgment but made no finding as to whether the appeal was interlocutory or whether Rule 54(b) language was required to take the appeal to the Ninth Circuit.

stipulated judgment.[4]

Century responded to the OSC by indicating that it believed that the pending stipulated judgment appeal had no bearing on the remaining claim seeking rescission. Consequently, Century contends the rescission claim can and should go forward notwithstanding the appeal of the stipulated judgment. Century also states that it has no objection to a request for Rule 54(b) certification with respect to the stipulated judgment and the Court's September 25, 2007 Order granting plaintiff's motion for summary adjudication.

The parties therefore agree that judicial economy and conservation of the parties' resources would be benefitted with a single consolidated appeal of the coverage issue and the stipulated judgment.

## DISCUSSION

### A. Rule 54(b) Standard

Federal Rule of Civil Procedure 54(b) provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. Rule 54(b) allows the court to enter final judgment as to one or more claims or parties "only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).[5] Judgments under Rule 54(b) are intended for unusual cases only:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

*Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.*, 776 F.2d 1414, 1416 (9th Cir. 1985)

---

[4] The Ninth Circuit stayed the appeal pending resolution of this matter. (*See* docket no. 182).

[5] Rule 54(b) of the Federal Rules of Civil Procedure provides:
When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim-or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(quoting *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir.1981)).

There are two factors to consider in ordering Rule 54(b) certification. *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). The court must take into account the overlap of factual and legal issues between those claims disposed of under Rule 54(b) and those still pending before the trial court. *Id.* The court must then assess the equities that weigh in favor and against certification. *Id.* The Ninth Circuit has held that these factors require the court to make "specific findings" setting forth the reasons for certifying judgment under Rule 54(b). *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). A Rule 54(b) certification is appropriate if it will aid "expeditious decision" of the case. Nevertheless, the court must also consider the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir.1991).

**B.  Stipulated Judgment**

As noted above, the entry of a stipulated judgment that is distinct from the merits of the claims and counterclaims alleged is a most uncommon circumstance. The stipulated judgment in the present case is not a final judgment in the traditional sense, *i.e.,* it does not determine all the rights and obligations of the parties thereby ending the case. Indeed, the stipulated judgment here does not address the merits of the claims and counterclaims at all.

As a result of the entry of the stipulated judgment, 350 filed an appeal. But the appeal does not fit within the parameters of an interlocutory appeal under 28 U.S.C. § 1292(b)[6] or a Rule 54(b) certified order. Although 350 does not believe Rule 54(b) is applicable, it now seeks certification under Rule 54(b).[7] Plaintiff does not object to certification thereby allowing the appeal of the stipulated judgment to go forward immediately.

The stipulated judgment is based on a breach of the Bond Agreement entered between the

---

[6] An order may be certified for interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

[7] The Court notes that the Ninth Circuit has not indicated whether certification is necessary in this situation. In an abundance of caution, however, the Court undertakes this issue.

parties that arose from 350 filing an appeal in the underlying state court *Helleis* action and its need to obtain an appellate bond. The issues of whether the Bond Agreement was enforceable and whether 350 and Blackburn breached the Bond Agreement do not overlap with the factual and legal issues raised in the complaint and counterclaim that remain pending in this court.[8] Because the stipulated judgment determined with finality that the Bond Agreement was enforceable and breached, and that determination is independent of and distinct from the claims of coverage and rescission found in the case, an appeal of the stipulated judgment will not result in piecemeal appeals even if an appeal is later taken on the coverage and/or rescission claims. A decision by the appellate court concerning the stipulated judgment will not impact any decision on the coverage and/or rescission claims. Accordingly, the Court finds that there is no just reason for delay under Rule 54(b) for the appeal of the stipulated judgment.

**C.     Motion for Summary Adjudication**

350 also seeks a Rule 54(b) certification with respect to the Court's Order granting plaintiff's motion for summary adjudication of the coverage claims. Plaintiff has no objection to an immediate appeal of both the stipulated judgment and the order granting partial summary judgment. The Court, however, finds that an appeal of the summary adjudication order would neither "streamline the litigation," or otherwise promote an "expeditious decision" in this case. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (purpose of Rule 54(b) is to aid the "expeditious decision" of a case).

It is clear that if plaintiff had not amended its complaint to add the rescission claim after its motion for summary judgment had been filed and briefed, the motion would have disposed of the entire case and resulted in a final judgment subject to an appeal. The operative complaint now has rescission and coverage issues arising from the same or similar incidents and are largely factually and legally joined. Nevertheless, the Court is being urged to go forward with and expend significant judicial resources on the rescission claim while the coverage claim would be pending before the Court of Appeals. This type of litigation practice is not in the best interest of

---

[8] The Court granted plaintiff's motion for summary adjudication on the coverage issue. Nevertheless, the decision did not result in a final judgment because of the remaining rescission claim.

sound judicial administration before either the trial or appellate court.

Most importantly, the parties have not argued that they will suffer in any manner if the previously determined coverage issues remain pending in the district court while the rescission claim is fully litigated. There are no facts to suggest that this case, although atypical because of the distinct stipulated judgment, is the unusual case where the "pressing needs of the litigants for an early and separate judgment as to some claims or parties" outweigh "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket." *Frank Briscoe*, 776 F.2d at 1416. The Court therefore finds no sound reason to certify this case under Rule 54(b).

### D. Final Pretrial Conference

In order to expedite the remainder of this litigation the Court will set a final pretrial conference for the rescission claim.

### E. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant and counterclaimants' request for a Rule 54(b) Order with respect to the stipulated judgment is **GRANTED**. The Court finds and concludes there is no just reason for delay of the appeal of the stipulated judgment.
2. Defendant and counterclaimants' request for a Rule 54(b) Order with respect to the Order granting plaintiff's motion for summary adjudication is **DENIED**.
3. The Final Pretrial Conference is reset for June 30, 2008 at 11:00 a.m. A jointly prepared proposed Pretrial Order is due on or before June 23, 2008.

**IT IS SO ORDERED.**

DATED: June 11, 2008

M. James Lorenz
United States District Court Judge

///
///
///

1  COPY TO:

2  HON. LEO S. PAPAS
3  UNITED STATES MAGISTRATE JUDGE

4  ALL PARTIES/COUNSEL