UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | ) | Civil No. 05-CV-1548-L(LSP) |
| Plaintiff, | ) ) | **ORDER ADOPTING REPORT AND RECOMMENDATION [doc. #174];** |
| v. | ) ) | **DENYING MOTION TO VACATE ATTACHMENT [doc. #105];** |
| 350 W.A., LLC, *et al.*, | ) ) | **GRANTING MOTION FOR ORDER DETERMINING CLAIM OF** |
| Defendants. | ) ) | **EXEMPTION [doc. #119]; and GRANTING *EX PARTE* MOTION** |
| _____ | ) ) | **FOR HEARING [doc. #177]** |
| AND RELATED COUNTERCLAIMS. | ) ) | |
| _____ | ) | |

The undersigned referred two motions addressing the issue of David A. Blackburn's ("Blackburn") claims of exemption to Magistrate Judge Leo S. Papas pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c)(3). Upon the filing of the Report, the parties were given time in which to file objections, if any, with the Court. Defendant/Counterclaimant 350 W.A., LLC ("350"), and counterclaimant Blackburn, and judgment debtors The David A. Blackburn Family Trust, B&H Property Systems, Inc., and 350 West Ash Urban Homes (collectively "Blackburn entities") filed a timely objection. Plaintiff Century Surety Company ("Century") filed a reply to the objection. Having carefully reviewed the matters presented, the Court enters the following decision.

/ / /

**Discussion**

**A.  Background**

After the Court granted plaintiff's motion for entry of stipulated judgment and permitted it to execute on the judgment, Century levied writs of attachment on Blackburn's California Bank & Trust account and B&H Property Systems, Inc. Profit Sharing Plan #004's ("B&H Plan") Fidelity Investments account.  Blackburn filed an emergency motion to vacate improper attachment [doc. #105] after which plaintiff filed a motion for order determining the claim of exemption [doc. #119].  The motions were fully briefed and taken under submission by the magistrate judge.  As noted above, the magistrate judge filed his Report to which Blackburn filed objections.  The Court notes that Blackburn's objection includes evidence that was not presented to the magistrate judge for consideration prior to the Report being filed.

**B.  Standard of review for report and recommendation**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (en banc), *cert. denied*, 124 S. Ct. 238 (2003).

**C.  California Bank & Trust Account**

Blackburn initially contended that the California Bank & Trust account held in the name of "David A. Blackburn dba The Van Houton Building" was subject to a claim of exemption under California Code of Civil Procedure 487.010 because the funds belonged to 151 LLC and not to Blackburn.  But as the magistrate judge noted, and Blackburn acknowledges, a first-party claim of exemption may be made only for the property of a natural person.  In this case, the claim of exemption is made for property belonging to a limited liability company.  As a result, the Report recommended Blackburn's claim of exemption for this account be denied.

In his objection to the Report, Blackburn states that the "Report has been largely rendered

moot by an intervening third party claim by 151 LLC." (Objection at 2.) Because Blackburn has no objection to the Report concerning the California Bank and Trust account, the Court adopts the Report and Blackburn's first-party claim of exemption is denied.

### D.  Fidelity Investment Account

Blackburn objects to the magistrate judge's finding that the Fidelity Investment account held in the name of "David A. Blackburn, Trustee of the B&H Property Systems, Inc. Profit Sharing Plan #004" is not exempt. Blackburn argues that he is entitled to submit additional evidence to show the exempt nature of the profit sharing plan even though it was not provided to the magistrate judge. Blackburn contends he explicit reserved his right to do so.

#### 1.  Evidence Presented to the Magistrate Judge

Blackburn contend that the Fidelity Investment Account is a profit-sharing retirement plan that is not subject to attachment under California Code of Civil Procedure § 704.115(a)(2). Section 704.115 provides in relevant part:

> (a) As used in this section, "private retirement plan" means:
> (1) Private retirement plans, including, but not limited to, union retirement plans.
> (2) Profit-sharing plans designed and used for retirement purposes.
> (3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.
> (b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt.

CAL. CODE CIV. PROC. § 704.115(a), (b).

In response to the levy on this account, Blackburn filed a claim of exemption that purports to demonstrate that the B&H Plan is designed and used for retirement purposes only under § 704.115(a)(2). As the magistrate judge noted, there are two aspects to funds qualifying for exemption under section 704.115(a)(2): (1) the plan must be established and maintained by a

corporation,[1] and (2) it must be "designed and used for retirement purposes." § 704.115(a)(2).

In the present case, there is no dispute that the purported profit-sharing plan with funds held in the Fidelity Investment account was established and maintained by a corporation, B&H. But as noted by the magistrate judge, Blackburn fails to meet his burden of showing that the plan was/is used for retirement purposes:

> The only evidence proffered regarding the nature of the account is Blackburn's declaration, a document entitled 'Adoption Agreement,' a redacted tax return filing from 2007. . . . These items do not establish the account was designed and used for retirement purposes. . . . none of the evidence proffered by Blackburn establishes the account was actually used for retirement purposes in the near six years it has been in existence.

(Report at 6.)

In his objection to the Report, Blackburn argues that "the Report contains factually inaccurate conclusions regarding the funds at issue and the structure of the Plan, . . . with or without additional evidence.[2] (Objection at 2.)

Blackburn first contends that the evidence before the magistrate judge demonstrates that the funds are completely exempt. The evidence presented to and considered by the magistrate judge included the Adoption Agreement that Blackburn contends identifies the plan as a "Volume Submitter Cross-Tested Profit Sharing Plan and Trust," and a Form 5500 used to report the "B&H Property Systems, Inc. Profit Sharing Plan" to the IRS.

As the Report correctly finds, this evidence does not demonstrate the second prong of the test for an exemption, *i.e.,* that the funds are designed and used for retirement purposes. Here, there is no showing that Blackburn did or did not treat the funds in the Fidelity Investment Account as a retirement plan even if the plan was designed for retirement purposes. It is not enough to show that a plan was set up to comply with certain legal requirement. Only if there is a showing that plan funds were treated in a manner consistent with use for retirement purposes

---

[1] There is no dispute that the plan was established by B&H, a corporation.

[2] As previously noted, Blackburn contends he reserved his right to supplement the evidence presented to the magistrate judge.

can the Court determine whether the claim is exempt under California law. *See e.g., In re Bloom,* 839 F.2d 1376, 1379 (9th Cir. 1988)*; In re Dudley*, 249 F.3d 1170 (9th Cir. 2001); *In re Jacoway*, 255 B.R. 234, 25 (9th Cir. BAP, 2000). Such evidence is missing here; therefore, the Court therefore overrules Blackburn's objection to the Report based upon the record presented to the magistrate judge and adopts the Report.

### 2. Additional Evidence

Blackburn argues that evidence he failed to provide to the magistrate judge until after the Report was filed, should be considered in finding his claim of exemption valid. The evidence Blackburn now relies upon is the declaration of Marie J. Seefeldt,[3] the President of Seefeldt & Associates, a retirement planning firm that specializes in the third-party administration of retirement plans, to demonstrate that the funds in the Fidelity Investment account are exempt.

A district court has discretion to disregard evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir.2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir.2000), *cert. denied*, 534 U.S. 831 (2001) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). Allowing parties to fully litigate their case before the magistrate judge and, if unsuccessful, to change their strategy and/or to present new evidence to the district court thwarts the purpose of the Federal Magistrates Act, 28 U.S.C. § 636. The Magistrates Act was not intended to give litigants an opportunity to test a version of their case with the magistrate, then another with the district court. *See ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc.*, 2005 WL 1861308, at *2 (E.D.N.Y. 2005)(Declining to consider newly presented evidence "is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes.").

The Court notes that Blackburn has been represented by counsel throughout this

---

[3] Blackburn also suggests that "any lingering dispute over the exempt nature of the Plan" could be "eliminated through a hearing involving live testimony from Ms. Seefeldt." (Obj. at 7)

litigation.  This is not the case of a *pro se* litigant who fails to provide evidence in an all-inclusive manner for consideration by the magistrate judge.  Counsel for Blackburn is well aware of the need to offer a complete record to the court prior to the time it considers matters at issue.  Blackburn filed his emergency *ex parte* application to vacate improper attachments on October 16, 2007; Century filed its motion for order determining claim of exemption on October 29, 2007; and the motions were referred to the magistrate judge on November 14, 2007.[4]  Blackburn knew or should have known the legal standard for obtaining a claim of exemption at the time he filed his *ex parte* motion to vacate improper attachments.  His evidentiary support for his legal position should have been available at the time he filed his motion.  Blackburn's decision to ignore the long-standing practice of presenting all relevant evidence to the court before a decision issues has created inefficiencies and additional burdens on the Court and opposing counsel.

Blackburn had ample opportunity to present the declaration of Marie J. Seefeldt prior to the close of briefing and supplemental briefing but he does not indicate why he failed to timely seek leave to supplement the record if he had determined later that Seefeldt's declaration was essential in supporting his claim of exemption or why Seefeldt's declaration was unable to be provided in a timely manner.  Offering bits of evidence in a piecemeal fashion that were readily available to support a critical issue under consideration is untenable.  Blackburn has failed to establish cause for the relief he seeks.

Blackburn insists that he "reserved" the right to supplement the record with the magistrate judge's law clerk in a March 7, 2008 conference call that also included counsel for Century.  (Yarling Decl. at ¶ 2.)  In his declaration, Yarling states: "The clerk indicated that to the extent any additional evidence might be required in order to decide the pending motions, that matter could be discussed at the time of the hearing."  (*Id*. at ¶ 4.)  But the record in this case does not

---

[4] Blackburn's motion to vacate improper attachment was fully briefed on October 22, 2007; Century's motion for order determining claim of exemption was fully briefed on November 7, 2007.  At the time the motions were referred to the magistrate judge, the Court ordered supplemental briefing that was to be completed not later than December 11, 2007.  (*See* Order filed November 14, 2007, [doc. #135].)  The Court notes that plaintiff's motion was submitted without oral argument on December 12, 2007.  *Id.* at 2.

show either party filed a request for oral argument on one or both of these motions before the magistrate judge.  The Court also notes that the October 25, 2007 hearing on Blackburn's *ex parte* motion was vacated on October 24, 2007 by minute entry and not reset, and plaintiff's motion was taken under submission without oral argument on November 14, 2007. [doc. #135.] A further review of the record reveals that the magistrate judge did not set a hearing date on the parties' motions and therefore, there could be no expectation or reliance on the part of Blackburn's counsel that he would be able to introduce additional evidence to the magistrate judge at a hearing prior to a decision.  The briefing, along with the Court ordered supplemental briefing, was complete when the magistrate judge filed his Report.  If Blackburn intended to provide additional evidence or argument, he was required to seek leave to supplement the record prior to the entry of the Report.  He did not do so and makes no effort to explain why he allegedly "reserved" his right to supplement the record rather than providing the evidence that he now considers critical in clarifying the status of the Fidelity Investment account at a time when the evidence was most needed.   Under these circumstances, the Court will exercise its discretion and decline to consider the declaration of Marie J. Seefeldt that was submitted with Blackburn's objections.

Even if the court exercised its discretion to allow Blackburn's additional evidence, Seefeldt's declaration is insufficient to establish that the Fidelity Investment account is used for retirement purposes.  In her declaration, Seefeldt states that as the Third Party Administrator of the B&H Plan, she assisted Blackburn in creating the Plan for the benefit of employees of B&H and has acted as the administrator of the Plan since 1997. (Seefeldt Declar. at ¶ 1.)  Seefeldt also states the funds in the Plan are for the benefit of all of B&H's eligible employees and do not belong to B&H or to Blackburn, and the account was reported to the IRS on Form 5500. (Id. at ¶¶ 2, 3.)  The Plan, according to Seefeldt has been created and "operated in strict compliance with all IRS and Department of Labor requirements that apply to such plans."  (*Id.* at ¶ 4.) Seefeldt further states that the funds contained in the Fidelity Investment account "were Trust accounts to receive deposits from B&H employees" and "the terms of the Plan include a Non-Highly Compensated Employee who is currently eligible to elect to defer." (*Id.* at ¶ 5.)

The Court first notes a discrepancy between Seefeldt's declaration and Blackburn's deposition testimony concerning the number of B&H employees. Blackburn testified in his August 15, 2007 deposition that he was the only employee of B&H. (Blackburn Depo. at 49.) No employee has sought to claim an interest in the attached Fidelity Investment account.

More importantly, Seefeldt's declaration does not provide any information concerning how the funds in the Fidelity Investment account are used. Rather, the declaration shows that the plan was set up and maintained in accordance with IRS and Department of Labor requirement. Lacking is how the funds have been used since the Plan was set up and whether transactions have occurred that caused the B&H Plan to lose its retirement purpose.

The essential requirement to determine whether a plan is exempt is that it must be used for retirement purposes. *In re Bloom*, 839 F.2d at 1379. Factors to be considered in determining whether plan funds are used for retirement purposes include, *inter alia*, whether deposits to the account have been made close to the time of the attachment, whether funds have ever been withdrawn from the Plan and whether those funds, if any, have been documented with loan agreements. In *In re Bloom*, the Court held that even though a debtor loaned more than half of the funds in her retirement plan to herself without taking a security interest, her actions did not cause the plan to lose its retirement purpose and exemption under California law because the debtor followed trust agreement procedures for obtaining loans, charged a reasonable rate of interest on the loans, regularly made interest payments, and there was no indication that she used the plan to hide otherwise ineligible assets from bankruptcy administration. *Id.* Similarly, in *In re Witwer*, 148 B.R. 930, 940-41 (C.D. Cal. 1992), the court noted the debtor followed trust agreement procedures in obtaining loans for himself and others; promissory notes were obtained for all transactions; all loan agreements provided commercially reasonable interest rates; the borrowed money had been repaid; and the debtor has not made any recent contributions to the Plan in an attempt to hide otherwise ineligible assets from bankruptcy administration. The Court found under these facts that the debtor did not cease to treat his plan as one for retirement purposes. *Id.* at 941.

Here, even if the Court considered Seefeldt's declaration, there is no showing that

Blackburn did or did not treat the B&H Plan as a retirement plan even if it was designed for retirement purposes and complies with IRS procedures. Because Blackburn has presented no evidence to show that the Fidelity Investment account is used for retirement purposes, Blackburn's objection to the Report is overruled.

### E. Other Alleged Improper Attachments and Procedures

As noted in the Report, the Blackburn entities allege Century committed several procedural irregularities during the enforcement proceedings. The magistrate judge found no prejudice arose as a result of the alleged defects and therefore recommended that the *ex parte* application to vacate the attachments be denied. No objections were filed with respect to this finding in the Report. Accordingly, the Court adopts the Report with respect to this issue.

### F. *Ex Parte* Motion for Hearing

Century seeks a hearing to determine the validity of the third-party claim of ownership of the California Bank & Trust account held in the name of David A. Blackburn dba The Van Houton Building. Blackburn does not object to the setting of such a hearing but argues that at the time of the hearing, the Court should also consider his additional evidence with respect to the profit sharing plan.

As discussed above, the introduction of additional evidence that was readily available at the time of Blackburn's motion to vacate improper attachment and plaintiff's a motion for order determining the claim of exemption is foreclosed. There is no basis, therefore, to consider any matter other than the determination of the validity of 151 LLC's claim of ownership of the California Bank & Trust account held in the name of David A. Blackburn dba The Van Houton Building.

Accordingly, the Court grants Century's *ex parte* motion for hearing and refers the matter of determining the validity of the  third-party claim of ownership of the California Bank & Trust account to the magistrate judge for further proceedings. The hearing, to be set by the magistrate judge, shall be limited to this issue only.

### Conclusion

Based on the foregoing, **IT IS ORDERED** the Report and Recommendation [doc. #174]

1 is adopted in its entirety.  **IT IS FURTHER ORDERED** Blackburn's *ex parte* motion to vacate
2 improper attachments is **DENIED**.  **IT IS FURTHER ORDERED** Century's motion for order
3 determining claim of exemption is **GRANTED** in accordance with this Order.  **IT IS**
4 **FURTHER ORDERED** plaintiff's *ex parte* motion for hearing to determine validity of third
5 party claim of ownership only is **GRANTED**.  The matter of the validity of the third-party claim
6 of ownership is hereby referred to the Honorable Leo S. Papas for further proceedings.  The
7 parties shall jointly contact the magistrate judge's chambers to schedule a hearing date.

    **IT IS SO ORDERED.**

DATED: June 27, 2008

                                   M. James Lorenz
                                   United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL