UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, ) | Civil No. 05-CV-1548-L(LSP) |
| ) | |
| Plaintiff, ) | **AMENDED ORDER GRANTING** |
| ) | **MOTION FOR ATTORNEYS' FEES** |
| v. ) | **[doc. #173]** |
| ) | |
| 350 W.A., LLC, *et al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The parties are familiar with the factual and procedural background of this case and the underlying state court case[1] and therefore, it will not be repeated at length here except as necessary to explain the decision. Plaintiff's present motion seeks full recoupment of its attorneys' fees and expenses incurred in providing a defense to defendant 350 ("350" or "defendant") in the appeal of the *Helleis* case.[2] The present motion is based on this Court's September 25, 2007 Order that found, as a matter of law, that the wrongful eviction and breach of contract claims asserted against 350 in the *Helleis* case were not covered under the insurance policy issued by plaintiff to 350. In its Order, the Court also noted that "[w]hen an insurer

---

[1] On June 12, 2003, Helleis filed a Complaint against 350 and Blackburn in the Superior Court for the County of San Diego ("underlying action" or "*Helleis*").

[2] The trial court ruled in David A. Blackburn's favor on all of plaintiff's claims and therefore, he did not join in the appeal.

provides an insured a defense under a reservation of rights, and it is later determined that the claims were not covered and the duty to defend never arose, the insurer is entitled to reimbursement for costs advanced. *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643 (2005)." (Order at 11 [doc. #73].)

As discussed in the Court's Order, the *Helleis* bench trial concluded on June 27, 2005, with the court stating its decision from the bench. On July 8, 2005, twelve days after the trial court made its decision, 350 tendered a claim for defense and indemnity to Century. (Complaint at 8.) On July 27, 2005, Century sent 350 notice it would defend the company in post-judgment and appellate proceedings under a reservation of rights. *Id.* Century retained Gordon & Rees to represent 350 on appeal. Ultimately, the California Court of Appeal affirmed the *Helleis* decision in its entirety.

Notwithstanding the Court's determination that the claims raised against 350 in the underlying action were not covered claims under the commercial general liability policy issued to 350, 350 contends that Century failed to properly and adequately reserve its rights to pursue reimbursement of the defense fees and cost it incurred on behalf of 350. Defendant also assert that Century's appointment of counsel created a *Cumis* conflict of interest between the attorneys appointed to represent 350 and 350. Finally, defendant argues that Century fails to establish that the fees and cost it seeks were reasonably incurred.

**1.    Reservation of Rights**

Once 350 tendered its claim for defense, which was after the trial verdict in the state court, Century accepted the tender of defense for 350's appeal under a full reservation of rights. In its opposition to plaintiff's motion for attorneys' fees, 350 asserts that Century's motion is "bereft of any evidence that Century properly and adequately reserved its rights to pursue reimbursement of the defense fees and costs it claims to have incurred on behalf of 350, . . ." (Opp. at 2). The reservation of rights is found in the July 27, 2005 letter to defendant's attorney, Michael W. Vivoli, from Marty Hunger, Century's General Adjustor, which 350 provided to the Court. (350's Exh. A [doc. #184-3].) Hunger's letter states:

> Century Surety's Reservation of Rights includes, but is not limited to, (1) the right

> to seek a judicial declaration as to its rights and obligations, if any, under the Century Surety policy; (2) the right to seek reimbursement and/or contribution from the insured or from any other insurer which should be providing a defense to the insured, for any defense costs incurred or indemnity paid if it should be determined that Century Surety had no obligation to pay defense costs or indemnity, or that another insurer has such an obligation, or tha Century Surety had no obligation to defend or indemnify against certain claims; (3) the right to withdraw from the defense at any time; and (4) the right to decline indemnity. Century Surety expressly reserves all of its rights to reimbursement or otherwise under the California Supreme Court decision of Buss v. Superior Court . . .. Century Surety also reserves the right to seek reimbursement from 350 W.A. for any and all payments it might make on behalf of 350 W.A. in this matter.

350 provides almost two pages of discussion of Century's reservation of rights. But neither in that discussion nor at any other point in its opposition does 350 discuss why it believes Century did not properly and adequately reserve its rights to pursue reimbursement of the defense fees and costs. Because there is evidence of Century's reservation of rights in the record, the Court finds that Century has reserved its rights to pursue reimbursement of its attorneys' fees and costs incurred on behalf of 350.

### 2. *Cumis* Conflict of Interest

350 argues it was entitled to have Century pay for independent counsel for its defense on appeal because of a *Cumis* conflict. The requirement to provide *Cumis* counsel was originally set forth in *San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc.*, 162 Cal. App.3d 358 (1984). The issue presented in *Cumis* was "whether an insurer is required to pay for independent counsel for an insured when the insurer provides its own counsel but reserves it right to assert noncoverage at a later date." *Id.* at 361. The California State Legislature superseded the result in *Cumis* by enacting California Civil Code section 2860. That section states, in relevant part:

> (a) If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured . . .
>
> (b) For purposes of this section, a conflict of interest does not exist as to allegations or facts in the litigation for which the insurer denies coverage; however, when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim, a conflict of interest may exist. No conflict of interest shall be deemed to exist as to allegations of punitive damages or be deemed to exist solely because an insured is sued for an amount in excess of the insurance policy

limits.
CAL. CIV. CODE § 2860(a), (b).

In order to trigger the obligation to provide *Cumis* counsel, the insurer must make a reservation of rights as to a coverage issue and the counsel first retained by the insurer must be able to control the outcome of that issue. CAL. CIV. CODE § 2860(b). This dual requirement has been carefully prescribed. "[N]ot every conflict of interest triggers an obligation on the part of the insurer to provide the insured with independent counsel at the insurer's expense." *In James 3 Corp. v. Truck Insurance Exchange*, 91 Cal. App.4th 1093, 1101 (2001). "The mere fact the insurer disputes coverage does not entitle the insured to *Cumis* counsel . . . ." *Id.* An insured has no entitlement to *Cumis* counsel "where the coverage issue is independent of, or extrinsic to, the issues in the underlying action." *Dynamic Concepts, Inc. v. Truck Ins. Exchange*, 61 Cal. App.4th 999, 1006 (1998). "A mere possibility of an unspecified conflict does not require independent counsel. The conflict must be significant, not merely theoretical, actual, not merely potential." *Id.* at 1007.

As discussed above, Century reserved its rights concerning whether the *Helleis* claims for breach of contract and wrongful eviction were covered under the insurance policy. 350 made a demand for independent counsel that Century denied.[3] Rather than obtain its own counsel, 350 had Gordon & Rees, counsel Century obtained for 350's appeal, represent it on appeal. The issue then is whether the appellate representation provided to 350 by Gordon & Rees, and the circumstances surrounding that representation, serves as the basis for requiring Century to provide *Cumis* counsel to 350, *i.e.,* whether Gordon & Rees could control the determination of Century's obligation to 350 under the terms of its policy.

In its motion for summary judgment, Century contends that under the commercial general

---

[3] In his declaration, counsel for 350 state that although he "wrote Century on July 25, 2005, August 2, 2005, and August 15, 2005, requesting Century appoint independent counsel, Century refused. . . . "Century consistently refused 350 and Blackburn's repeated requests for appointment of *Cumis* counsel and refused 350 and Blackburn's offer to withdraw their *Cumis* demands in exchange for Century's appointment of appellate counsel acceptable to 350 and Blackburn." (Vivoli Declar. at ¶¶3, 4.) The Court notes that 350 has not provided its demand letters for *Cumis* counsel to the Court.

liability policy ("insurance policy" or "policy") it issued to 350, there was no coverage for an eviction of a business entity but rather coverage was available only for an eviction of a natural person.  The Court agreed finding, as a matter of law, that because Flagship was an operating business entity at the time of the wrongful eviction, Helleis, doing business as Flagship, was a business entity or organization and not a natural person, there was no coverage for the wrongful eviction claim under the Century policy for 350.

350 asserts that there was a *Cumis* conflict of with respect to this claim because appellate counsel was in a position to present arguments on appeal to defeat covered claims.  But the issue of whether Helleis, doing business as Flagship, was a business entity or a natural person would not and could not have been raised in an appeal of the determination of whether there was or was not a wrongful eviction.  The state court of appeals affirmed the trial court's finding that there was a wrongful eviction.  The court of appeals did not make and was not asked to make a ruling on the issue of whether Flagship was a business entity or a natural person – the issue involved in determining coverage under the policy.  Accordingly, Gordon & Rees, the counsel retained by Century, was not able to control the outcome of the coverage issue in the appeal.  Whether successful or unsuccessful with the wrongful eviction claim on appeal, there was no coverage under the policy for wrongful eviction of a natural person and therefore, Century had no duty to defend and is entitled to reimbursement of its attorneys' fees and costs.

Similarly, the breach of contract claim asserted against 350 in the *Helleis* action was specifically excluded[4] under the commercial general liability policy issued to 350 by Century.  The *Helleis* trial court found, and the appellate court affirmed, 350 breached the contract with Flagship.  Because of the specific exclusion in the policy, Century was under no duty to defend

---

[4]    The Century insurance policy provided for personal and advertising injury liability with an exclusion for breach of contract.
   2. Exclusions
      This insurance does not apply to:
      . . .
      f. Breach of Contract
         "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

the breach of contract claim. Whether 350 was ultimately successful or unsuccessful in its appeal of the breach of contract claim, coverage under the insurance policy of the breach contract claim was not at issue. The coverage issue was decidedly independent of the merits of the breach of contract claim. Gordon & Rees, counsel retained by Century, therefore was not able to control the outcome of the coverage issue in the appeal. Accordingly, there was no *Cumis* conflict.

Century did not provide a conflicted defense to 350 on the wrongful eviction and/or breach of contract claims on appeal. Accordingly, 350's assertion that Century should not be entitled to attorneys' fees because it provided a conflicted defense is without merit.

### 3. Fees and Cost Reasonably Incurred

Plaintiff contends it is entitled to full reimbursement of its actual fees and costs incurred in its defense of 350 on appeal because, as found by this Court, the claims were not covered under the policy at issue. In other words, plaintiff seeks restitution of the attorneys' fees incurred on 350's appeal in the *Helleis* case. Century argues that it has no burden to show that the fees are reasonable but rather it must establish that the fees were in fact incurred.

350 objects to an award of attorneys' fees contending that even if Century is entitled to an award of attorneys' fees and cost, the reimbursement should be limited to "reasonable" attorneys' fees. Because Century did not provide evidence of the reasonableness of its requested amount, 350 contends Century's motion should be denied in its entirety. 350 provides no legal citation in support of its argument. Instead, it relies on the rule that insurers are only required to reimburse reasonable attorneys' fees incurred by their insured, *see State v. Pacific Indem. Co.*, 63 Cal. App 4th 1535, 1555 (1998); and therefore, "[t]here is no legal, factual or equitable reason why this rule should not apply to insurers where they seek reimbursement from their insureds, here, 350." (Opp. at 5.)

The California Supreme Court recently was confronted with the situation where the insurer did not deny a defense at the outset, but instead elected to provide one under a reservation of its right to reimbursement and ultimately it was determined that there was no duty to defend. *Scottsdale Ins. Company v. MV Transportation*, 36 Cal. 4th 643(2005).

> By law applied in hindsight, courts can determine that no potential for coverage, and thus no duty to defend, ever existed. If that conclusion is reached, the insurer, having reserved its right, may recover from its insured **the costs it expended** to provide a defense which, under its contract of insurance, it was never obligated to furnish.

*Id.* at 658 (emphasis added); *see also Buss v. Superior Court*, 16 Cal.4th 35, 50 (1997)("As to the claims that are not even potentially covered . . . the insurer may indeed seek reimbursement for the defense costs.").

The Court in *Scottsdale Ins.* favorably discussed the case of *Tamrac, Inc. v. California Ins. Guarantee Assn.*, 63 Cal. App.4th 751 (1998), in which the Court of Appeals "confirmed that if the insurer is legally uncertain whether any claims in the [ ] complaint are potentially covered, it may defend the [ ] action to conclusion under a reservation of its right to reimbursement, and may then **recoup all its defense costs** if the intervening decision has established, as a matter of law, that the potential for coverage, and thus the duty to defend, never arose. *Scottsdale Ins.*, 36 Cal. 4th at 661(emphasis added)(citing *Tamrac*, 63 Cal. App.4th at 757-758).

It is clear that the language in *Scottsdale Ins.* does not require a showing that reimbursement is subject to a reasonableness standard. Although 350 believes this is an incorrect and unfair result, it nevertheless is the law.

## Conclusion

The Court previously found that Century had no duty to defend 350 in the *Helleis* action with respect to the breach of contract and wrongful eviction claims. Century has demonstrated with admissible evidence that it expended $222,869.05 in defending 350 and providing for the cost of the bond securing the underlying judgment. Accordingly, plaintiff's motion for attorneys' fees and costs incurred in the defense of the underlying action is **GRANTED** in the amount of $222,869.05.

**IT IS SO ORDERED.**

DATED: September 26, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL