UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | ) | Civil No. 05-CV-1548-L(LSP) |
| Plaintiff, | ) ) | **ORDER GRANTING IN PART AND** |
| v. | ) ) | **DENYING IN PART MOTION FOR ATTORNEYS' FEES RE:** |
| 350 W.A., LLC, *et al.*, | ) ) | **STIPULATED JUDGMENT [doc. #146]** |
| Defendants. | ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) ) | |
| AND RELATED COUNTERCLAIMS. | ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Plaintiff moves for attorneys' fees and costs incurred in connection with the prosecution and enforcement of the Stipulated Judgment that was entered in this action.  The motion has been fully briefed.  For the reasons discussed below, the Court grants plaintiff's motion for attorneys' fees but denies without prejudice the motion as to the amount of fees to be awarded.

**Background**

The Court and the parties are well aware of the factual and procedural background of this case.  Nevertheless, the Court briefly reviews the relevant facts found in the Court's Order that directed entry of the Stipulated Judgment.

After sustaining an adverse decision in the underlying *Helleis* action in state court, 350 filed a notice of appeal.  In an effort to obtain an appeal bond to protect its assets from

05cv1548

immediate and allegedly aggressive execution by the judgment creditor (Helleis), Century, Blackburn and 350 entered into an "Agreement to Procure Appeal Bond" ("Bond Agreement") whereby Century would provide, for a six-month period only, collateral as security for the appeal bond and after that time period expired, 350 and Blackburn would substitute their collateral as security for the appeal bond.[1]  After the six-month period expired, along with several extensions of time, 350 and Blackburn failed to substitute their own collateral for the appeal bond.   Under the parties' Bond Agreement, in the event Blackburn and 350 did not timely substitute their collateral, a Stipulated Judgment would be entered in this action in Century's favor against Blackburn, 350  and other entities[2] associated with Blackburn (the "Blackburn entities").  Because 350 and Blackburn never provided substitute collateral, plaintiff sought, by way of an *ex parte* application for entry of the Stipulated Judgment in accordance with the parties' Bond Agreement.  After full briefing on the merits, the Court granted entry of the Stipulated Judgment. (*See* Order filed September 25, 2007 [doc. #73].)[3]

On October 25, 2007, Blackburn and 350 filed a timely Notice of Appeal to the Ninth Circuit Court of Appeals which was limited to the Stipulated Judgment and did not encompass any other portions of the case or orders entered.  This left the case in an unusual procedural stance because plaintiff's pending claim for rescission prevented entry of a final judgment.  350 later moved for Rule 54(b) language which was granted as to the Stipulated Judgment only. Plaintiff moved for attorneys' fees based upon the Bond Agreement and Stipulated Judgment –

---

[1]      As part of the Bond Agreement, there were also Guaranty and Indemnity Agreements executed by Blackburn and Blackburn entities, including 350.

[2]      The Blackburn entities are 350 W.A. LLC; B&H Property Systems, Inc.; 350 West Ash Urban Homes, Inc.; and the David A. Blackburn Family Trust.  With respect to the present motion, these entities and David A. Blackburn will be designated as the "judgment debtors."

[3]      Plaintiff initially brought its request in the form of an *ex parte* application for an order that the stipulated judgment be entered. [doc. #23].  In response, 350 and Blackburn filed an *ex parte* application for an order that Century's *ex parte* application be heard as a noticed motion which would allow for full briefing. [doc. #24].  The parties then filed a joint motion regarding hearing dates that included a hearing date and briefing schedule for plaintiff's *ex parte* application. [doc. #25] Consequently, 350 and Blackburn's *ex parte* application was rendered moot and the Court construed plaintiff's *ex parte* application as a motion for an order that the stipulated judgment be entered.

1  the matter under consideration here.

2      **1.      Timeliness of Request**

3          Attorneys' fee motions are generally governed by Federal Rule of Civil Procedure

4  54(d)(2), which provides that such motions shall be "filed no later than 14 days after entry of

5  judgment." Judgment Debtors contend plaintiff's request for attorneys' fees is untimely because

6  it was not filed until three months after entry of the stipulated judgment.[4]  As noted above, the

7  present case presents a situation where a stipulated judgment was entered that did not constitute

8  a final judgment as to the entire case.   Plaintiff contends that Rule 54(d) is not applicable to the

9  stipulated judgment for this very reason – it is not a final judgment.  After an inquiry by the

10  Court, the judgment debtors were uncertain enough about the finality of the stipulated judgment

11  to seek Rule 54(b) language in determining whether their appeal was interlocutory.[5]  Given the

12  unsettled status of the stipulated judgment, the Court concludes that plaintiff's motion for

13  attorneys' fees is timely and even if untimely, excusable neglect provides a basis for considering

14  the motion on the merits.

15      **2.      Entitlement to Attorneys' Fees and Costs**

16          The Stipulated Judgment underlying plaintiff's request for attorneys' fees is based upon a

17  Bond Agreement that provides for an award of reasonable attorneys' fees and costs to the

18  prevailing party:

19              18.   <u>Prevailing Party's Fees and Costs</u>.  If any party commences an action against
                another party to interpret or enforce any terms of this Agreement, or **because of**
20              **the other party's breach of any provision in the Agreement,** or an action arising
                out of and/or in connection with rights and/or obligations set forth in this
21              Agreement, **the losing party shall pay to the prevailing party reasonable**
                **attorneys' fees, costs and expenses, court costs and other costs of action**
22              **incurred in connection with the prosecution or defense of such action,**
                **whether or not the action is prosecuted to a final judgment**. . . .

23

24  (Bond Agreement (emphasis added), Pltf's Exh. 1, ¶ 18.)

25  _____

26          [4]      The Stipulated Judgment was filed on September 25, 2007 and the present motion
    for attorneys' fees based on the Bond Agreement and Stipulated Judgment was filed on
27  December 28, 2007.

28          [5]      Thus far, the Ninth Circuit has not indicated whether the appeal of the Stipulated
    Judgment is or is not interlocutory.

05cv1548

1   Because Blackburn breached the Bond Agreement by failing to provide substituted
2   collateral, plaintiff sought entry of the Stipulated Judgment in the present action.  The Court
3   entered the Stipulated Judgment in the amount of $1,201,088.16 and permitted execution of the
4   judgment.  (*See* Order filed September 25, 2007 [doc. #73].)  As a result of the entry of the
5   Stipulated Judgment based on the Judgment Debtors' breach of the Bond Agreement, Century is
6   the prevailing party with respect to the Stipulated Judgment.  Century therefore contends it is
7   entitled to its reasonable attorneys' fees and costs under the Bond Agreement.  Judgment
8   Debtors, however, argue that plaintiff is not entitled to attorneys' fees under either the Stipulated
9   Judgment or state law, specifically Civil Code § 1717, because there was no "action on a
10   contract."

11   When a party obtains a "simple, unqualified victory" by defeating the only contract claim,
12   Civil Code § 1717 entitles the successful party to recover reasonable attorney fees incurred
13   prosecuting that claim if the contract contained a provision for attorney fees.  *Hsu v. Abbara,* 9
14   Cal.4th 863, 877 (1995).  California Civil Code § 1717 provides in relevant part:

15   In any action on a contract, where the contract specifically provides that attorney's
16   fees and costs, which are incurred to enforce that contract, shall be awarded either
     to one of the parties or to the prevailing party, then the party who is determined to
     be the party prevailing on the contract, whether he or she is the party specified in
17   the contract or not, shall be entitled to reasonable attorney's fees in addition to
     other costs.
18

19   But as Judgment Debtors note, no contract claim is alleged in the complaint.   Instead, the
20   action Century brought was for declaratory relief and rescission concerning a different contract,
21   *i.e.*, the underlying insurance contract.  Even though the Bond Agreement is an enforceable
22   contract between the parties that is closely associated with the underlying merits of this action,
23   Judgment Debtors contend, based on Civil Code § 1717, plaintiff was required to initiate a
24   separate action on the Bond Agreement in order to seek attorneys' fees and cost with respect to
25   their acknowledged breach of the Bond Agreement and the entry of the Stipulated Judgment.

26   Judgment Debtors rely on the initial phrase of section 1717, "[i]n any action on a
27   contract," to contend that because there was no action on the contract, – the Bond Agreement –
28   attorneys' fees and costs are not available to plaintiff.

4                                    05cv1548

1    Judgment Debtors' argument is not well taken.  In attempting to obtain entry of the

2    Stipulated Judgment in this action, Century was seeking to have the Bond Agreement enforced.

3    The parties fully briefed the enforceability of the Bond Agreement.  Judgment Debtors argued

4    that their acknowledged breach of the Bond Agreement should be excused based upon the

5    doctrines of impossibility and/or frustration of purpose.  They also asserted that the Bond

6    Agreement was unenforceable because it was unconscionable both substantively and

7    procedurally.  (*See* 350 and Blackburn's opposition to application for entry of judgment [doc.

8    #28]).  Their opposition consisted of 59 pages that included declarations and exhibits, much like

9    a response to a motion for summary judgment.

10    Because 350 and Blackburn had a full opportunity to challenge the enforceability of the

11    Bond Agreement, they cannot now contend that a separate action would have provided them

12    with a greater or more advantageous circumstance to press their arguments.  As a result, the

13    phrase "action on a contract" cannot be read so narrowly as to vitiate the clear language of the

14    Bond Agreement's provision providing for attorneys' fees and costs.

15    Additionally, the Bond Agreement specifically provides that in the event of a default of

16    the Bond Agreement, the Stipulated Judgment would be entered in the present case:

17    In the event that the Insured parties or their affiliated entities default on the
      agreements made in Paragraphs 4, 5, or 6 of this Agreement, Century Surety is
18    entitled to file the Stipulated Judgment with the clerk of the court forthwith and
      have it presented to the United States District Court for signature by a judge.
19

20    (Bond Agreement at 4, ¶ 7, Exh. 1.)  Consequently, the attorneys' fees and cost provision in the

21    Bond Agreement would necessarily be determined in this action and would not require a

22    separate action "on the contract" to be filed in this or any other court.

23    Further, the Bond Agreement does not require a separate action in order to obtain

24    attorneys' fees and costs.  As noted above, paragraph 18 provides for attorneys' fees and costs

25    "because of the other party's breach of any provision in the Agreement."[6]  The Court found, and

26

27    ───────────

      [6]    Section 18 of the Bond Agreement provides for the award of reasonable attorneys'
28    fees and costs based on alternative situations: (1) where a party commences an action against
      another party to interpret or enforce any terms of the Bond Agreement; **OR** (2) because of the
      other party's breach of any provision in the Bond Agreement; **OR** commences an action arising

Judgment Debtors conceded that substitute collateral was not provided timely as required under the Bond Agreement and therefore, a breach of the Bond Agreement occurred.  The Court carefully considered, after full briefing including documentary evidence, whether the Bond Agreement was enforceable and found that it was.  The Judgment Debtors are "the losing party" and are required, in the present action, "to pay to the prevailing party reasonable attorneys' fees, costs and expenses, court costs and other costs of action incurred . . . ."

Based on the clear language of the Bond Agreement, the entry of the Stipulated Judgment and a reasonable reading of Code of Civil Procedure § 1717, Century, as the prevailing party, is entitled to recover its reasonable attorneys' fees and costs.

### 3.     Post-Judgment Enforcement Fees

In addition to attorneys' fees incurred in seeking the entry of the Stipulated Judgment, Century seeks fees and cost in connection with the enforcement of the Stipulated Judgment. Such fees involve obtaining attachment orders and responding to Judgment Debtors' efforts to vacate the attachment orders.

Plaintiff points to California Code of Civil Procedure § 685.040 to show that fees incurred in enforcement activities are recoverable if attorneys' fees are awarded by contract. Section 685.040 provides:

> The judgment creditor is entitled to the reasonable and necessary costs of enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not included in costs collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as costs collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5.

Section 1033.5(a)(10)(A) provides for attorneys' fees when authorized by contract.

In the present case, the Bond Agreement clearly provides for an award of reasonable attorneys' fees and costs.  But the Judgment Debtors argue that even though the Bond Agreement provides for an award of attorneys' fees and cost to the prevailing party, because the

---

out of and/or in connection with the rights and/or obligations set forth in the Bond Agreement. The Judgment Debtors' argument that a separate action must be commenced in order to obtain attorneys' fees and costs is belied by the language of the Bond Agreement.

1  Stipulated Judgment is silent as to attorneys' fees, there is no basis to recover fees incurred to

2  enforce the judgment.  This proposition is without citation and without merit.

3        In the present case, because the contract – the Bond Agreement – grants the prevailing

4  party the right to recover attorneys' fees, such fees are recoverable as costs under Code of Civil

5  Procedure section 1033.5(a)(10)(A).  Code of Civil Procedure 685.040 permits recovery of post-

6  judgment fees if the judgment creditor is entitled to fees under § 1033.5(A)(10)(a), *i.e.,* pursuant

7  to a contract.  Plaintiff here is entitled to reasonable attorneys' fees as the prevailing party for

8  both pre- and post-judgment attorneys' fees.

9      **4.**    **Reasonableness of Attorneys' Fees and Costs Request**

10        Century seeks $61,797.50 for both pre- and post-judgment attorneys' fees incurred in this

11  matter.  The Court has already determined Century is entitled to such attorneys' fees but must

12  undertake an analysis of whether the amount sought is reasonable.  The attorney claiming fees

13  has the burden of producing evidence to support the fee claim.  *See Melnyk v. Robledo,* 64 Cal.

14  App.3d 618, 624  (1976).  Judgment Debtors contend Century has failed to establish the

15  reasonableness of its claimed fees.

16        The first step in determining the amount of fees is computing the lodestar figure, a

17  calculation based on the number of hours reasonably expended by the attorney multiplied by the

18  attorney's hourly rate.  *EnPalm, LLC v. Teitler*, 162 Cal. App. 4th 770 (2008).  A reasonable

19  hourly rate "is that prevailing in the community for similar work."  *PLCM Group v. Drexler,* 22

20  Cal.4th 1084, 1095 (2000).  Once the court has determined the lodestar figure, the court next

21  considers whether the total award calculated under all of the circumstances of the case is a

22  reasonable amount.  Factors that may be considered to assess reasonableness are the necessity

23  and nature of the litigation, skill required, experience of counsel, attention given, and the success

24  or failure of the case.  *Id.*

25       "To enable a trial court to determine whether attorney fees should be awarded and in

26  what amount, an attorney should present '(1) evidence, documentary and oral, of the services

27  actually performed; and (2) expert opinion, by [the applicant] and other lawyers, as to what

28  would be a reasonable fee for such services.'"  *Martino v. Denevi*, 182 Cal. App.3d 553, 558-559

05cv1548

1    (1986) (citations omitted.)  "[I]n the absence of such crucial information as the number of hours

2    worked, billing rates, types of issues dealt with and appearances made on the client's behalf, the

3    trial court is placed in the position of simply guessing at the actual value of the attorney's

4    services. That practice is unacceptable and cannot be the basis for an award of fees." *Id*. at 559.

5         Century provides the declaration of lead counsel, Jacqueline M. Jauregui, in support of its

6    motion for attorneys' fees.  Ms Jauregui states that Exhibit 10 to her declaration contains the

7    billing records for services provided to obtain entry of the Stipulated Judgment, enforce the

8    Bond Agreement, obtain the temporary protective order, right to attach order and writs of

9    attachment, and to respond to 350 and Blackburn's actions in relation thereto. (Jauregui

10   Declaration at ¶ 11.)  She also notes that she "reviewed the time records, and exercising billing

11   judgment, have determined that the time billed to the client included only reasonably necessary

12   attorney work performed with respect to enforcement of the terms of the Bond Agreement in this

13   particular case." *Id.*

14        Judgment Debtors contend, however, that the billing entries "are rife with vague

15   descriptions of uses of time, inappropriate to the relatively straightforward task of issuing writs

16   of attachment."  (Opp. at 11).  "In challenging attorney fees as excessive because too many

17   hours of work are claimed, it is the burden of the challenging party to point to the specific items

18   challenged, with a sufficient argument and citations to the evidence.  General arguments that

19   fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Medical*

20   *Management Systems, Inc. v. California Ins. Guarantee Ass'n,* 163 Cal. App.4th 550, 563

21   (2008).

22        The Court has carefully reviewed Century's billing records and finds them to be

23   sufficiently descriptive of work performed in connection with this matter.  Judgment Debtors

24   have failed to challenge plaintiff's request for attorneys' fees with specificity.  Nevertheless,

25   neither the billing records nor Ms Jauregui's declaration provides any information concerning

26   the billing rates of counsel involved in this matter.  Further, counsel does not provide any

27   evidence that the fees billed are the prevailing rate in San Diego for this type of case.  Although

28   touching on the other relevant factors to be considered in assessing reasonableness, Ms

1  Jauregui's declaration does not provide sufficient detail to assist the Court in its task.  The Court
2  therefore cannot determine the reasonableness of the attorneys' fees sought in this motion.
3  Accordingly, the motion will be granted with respect to Century's entitlement to attorneys' fees
4  and costs under the Bond Agreement and Stipulated Judgment but is denied without prejudice as
5  to the amount to be awarded.

6      **5.    Costs**

7      The Court finds that Century, as the prevailing party, is entitled to its costs in addition to
8  its attorneys' fees.  However, the determination of the amount of costs to be awarded is
9  committed to the Clerk of the Court under Civil Local Rule 54.1.  Century shall present to the
10  Clerk of the Court a cost bill in conformity with Rule 54.1 no later than 10 days after the filing
11  of this Order.

12                          **Conclusion**

13      For the reasons set forth above, plaintiff's motion for attorneys' fees is **GRANTED IN**
14  **PART and DENIED IN PART**.  The Court finds that plaintiff is entitled to attorneys' fees but
15  have not demonstrated that the amount sought is reasonable.  Plaintiff shall submit a renewed
16  declaration and any other supporting documents within ten days of the filing of this Order that
17  addresses the issues discussed above.  Defendants may file an opposition to the billing statement
18  within ten days of the filing of plaintiff's billing statement.  Plaintiff may file a reply
19  memorandum within five days of the filing of defendants' opposition, if any.

20      The Court further **GRANTS** plaintiff's request for costs but costs are determined by the
21  Clerk of the Court.  Accordingly, plaintiff shall submit a cost bill in compliance with Civil Local
22  Rule   54.1 within 10 days of the filing of this Order.

23      **IT IS SO ORDERED.**

24  DATED: September 26, 2008

25  _____
26  M. James Lorenz
    United States District Court Judge

27  ///

28

9

05cv1548

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

05cv1548